DANA V. WILCOX, JR., ET AL.

V.

LAUTERBACH ELECTRIC CO., INC.

Record No. 860239

June 12, 1987

Present: Carrico, C.J., Poff, Compton, Stephenson, and Thomas, JJ.,
and Cochran, Retired Justice

*Dana V. Wilcox, Jr., pro se*, for appellants.
*C. Allen Riggins (William N. Pollard; Parker, Pollard & Brown, P.C.*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

This is an appeal from an award of judgment by default. The case began on May 15, 1985, when Lauterbach Electric Co., Inc. (Lauterbach), filed a motion for judgment against Wilcox Construction Company, Inc., Dana V. Wilcox, Jr., and Diane L. Wilcox (collectively, the defendants). In the motion for judgment, Lauterbach sought recovery of $120,628.77, together with finance

charges, interest, lost profits, attorneys' fees, and punitive damages, for the defendants' alleged breach of contract and fraud.

On May 18, 1985, process was served upon the defendants. Twenty days later, on June 7, Dana and Diane Wilcox filed a Chapter 11 proceeding in the United States Bankruptcy Court for the Eastern District of Virginia.[1] On June 10, the Wilcoxes filed in the trial court a suggestion of bankruptcy and a motion to stay. On July 10, they moved the bankruptcy court to dismiss their Chapter 11 proceeding, and on July 29, the bankruptcy court dismissed the proceeding.

On August 6, 1985, Lauterbach filed in the trial court a motion for entry of default judgment. On August 22, the defendants filed an "Opposition to Motion for Entry of Judgment by Default," reciting the filing of the suggestion in bankruptcy and motion to stay and stating that the suggestion and motion "constitutes, and remains, an outstanding, responsive pleading" to Lauterbach's motion for judgment.

On August 26, 1985, the matter came on to be heard upon Lauterbach's motion for judgment and motion for default judgment. The trial court ruled that "responsive pleadings [had] been timely filed by the Defendants in this action." The court ruled further, however, that because "twenty-one (21) days following dismissal of the Chapter 11 proceedings elapsed before the filing of additional responsive pleadings," Lauterbach was entitled to judgment "in the amount sued for."

Over the defendants' objection, the court entered judgment in favor of Lauterbach for $120,628.77, plus finance charges of $10,856.58, attorneys' fees of $32,871.34, interest, and costs. The issue of punitive damages was reserved for "further adjudication."

On September 5, 1985, the defendants filed in the trial court a memorandum challenging the entry of default judgment and requesting that the court set aside and vacate the order granting judgment by default. On September 16, the court entered an order stating that "[t]he Judgment Order entered herein for the Plaintiff on August 26, 1985 is hereby temporarily set aside until the further order of the Court so that the Court might consider briefs of counsel upon the question of reconsideration of the Judgment."

---

[1] The filing of the bankruptcy petition had the effect of staying Lauterbach's action against Dana and Diane Wilcox. 11 U.S.C. § 362(a) (1982).

On October 1, 1985, the defendants tendered answers to Lauterbach's motion for judgment, together with motions for extensions of time within which to file the answers. The defendants also filed a motion to vacate the default judgment.

On October 16, 1985, without mentioning the defendants' motions filed October 1, the trial court entered an order stating that "[t]he Order dated September 16, 1985 temporarily setting aside the previous judgment order is itself hereby cancelled." The October 16 order also affirmed and ratified the court's previous decision granting Lauterbach judgment by default.

Nothing else occurred in the case until December 19, 1985, when Lauterbach moved to nonsuit "all issues of punitive damages in this action." On the same date, the trial court entered an order allowing the nonsuit.

Then, on December 23, 1985, the trial court entered another order. This order noted the motion previously made by the defendants to vacate the default judgment, recited that the court had considered the argument and briefs of counsel, held that the motion to vacate was without merit, and denied the motion. The order also confirmed and ratified "the original judgment of August 26, 1985."

Dana and Diane Wilcox filed a petition for appeal on March 21, 1986, citing the order of December 23, 1985, as the final order in the case.[2] Lauterbach moved to dismiss the petition, asserting, *inter alia*, that the order of October 16, 1985, was the final order and that the petition, filed some five months later, was not timely under Code § 8.01-671 and Rule 5:17.[3] We granted Dana and Diane Wilcox an appeal and directed the parties to argue the motion to dismiss when the case was heard before the full court.

In its argument brief, Lauterbach abandoned its position that the order of October 16, 1985, was the final order, realizing, apparently, that at the time the October 16 order was entered, the claim for punitive damages was still pending. Lauterbach then took the position that the order of December 19, 1985, which non-

---

[2] Wilcox Construction Company, Inc., did not petition for an appeal, and the default judgment against it has become final.

[3] *Rule 5:17. Petition for Appeal.*

(a) *Time for Filing.*—In every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court:

(1) in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from . . . .

suited the issue of punitive damages, was the final order and that the Wilcoxes' petition, filed March 21, 1986, was untimely even with the benefit of the later date of the nonsuit order.

An order granting a nonsuit, however, "is not a final judgment, but the opposite," and no appeal lies therefrom. *Mallory* v. *Taylor*, 90 Va. 348, 349, 18 S.E. 438, 439 (1893). We agree with the Wilcoxes that the order of December 23, 1985, is the final order in the case and, therefore, that their petition for appeal was timely filed.

Lauterbach's motion to dismiss also asserted that the Wilcoxes had filed an appendix without first having filed a "designation of the contents to be included [therein]," as required by Rule 5:32(d). Failure to comply with Rule 5:32(d), however, is not ground for dismissal if an appellant includes in his appendix everything germane to the disposition of his appeal and the appellee has not been prejudiced by the failure. *See Rhoten* v. *U. Va. Bank*, 221 Va. 222, 225, 269 S.E.2d 781, 782-83 (1980).

Lauterbach has not made any claim of prejudice as a result of the Wilcoxes' failure to file a Rule 5:32 designation, and the Wilcoxes have included in the appendix everything germane to the disposition of their appeal. Indeed, included in the appendix is the August 26, 1985 order awarding Lauterbach judgment by default, and that order is all we need to decide this case.

In the order of August 26, 1985, the trial court ruled that "responsive pleadings [had] been timely filed by the Defendants in this action." Lauterbach neither objected to this ruling nor assigned cross-error thereto. Accordingly, the ruling has become the law of the case, and we will not concern ourselves with whether the trial court correctly held that what the defendants filed actually constituted responsive pleadings.

It is true, of course, that in the same order, the trial court also ruled that because "additional responsive pleadings" were not filed by the defendants within twenty-one days following dismissal of the Chapter 11 proceeding, the defendants were in default. But the Wilcoxes pose this question: If what they had previously filed constituted responsive pleadings, how did the pleadings cease to be responsive, even upon dismissal of the bankruptcy proceeding?

In the view we take of the case, it is unnecessary to answer this question. Even if we assume that the defendants' pleadings ceased to be responsive and that the trial court correctly held additional pleadings were required, the inquiry does not end there. The real

question is whether the court should have given the defendants an opportunity to file further pleadings rather than to declare them in default immediately upon holding that additional pleadings were necessary.

■ This is not a case where the defendants ignored the court or its process or attempted to delay the proceedings. They filed what the court agreed were responsive pleadings; they opposed Lauterbach's motion for entry of judgment by default; they objected to the order granting judgment by default; they sought to have the default judgment set aside; they moved for an extension of time to file further responsive pleadings; and they tendered the pleadings they wanted to file.

Under these circumstances, we think the trial court should indeed have allowed the defendants a reasonable opportunity to plead anew after it decided additional pleadings were necessary. It was error for the trial court to deny the Wilcoxes this opportunity. *See* Rule 1:9; *Williams* v. *Service Incorporated*, 199 Va. 326, 328-29, 99 S.E.2d 648, 650-51 (1957); *Herndon* v. *Wickham*, 198 Va. 824, 827, 97 S.E.2d 5, 7 (1957).

Accordingly, the order of December 23, 1985, will be reversed, the default judgment in favor of Lauterbach against Dana and Diane Wilcox set aside, and the case remanded with direction to allow the Wilcoxes a reasonable length of time for filing additional pleadings. Thereafter, the trial court shall conduct such further proceedings as may be necessary to resolve the issues framed by the pleadings.

*Reversed and remanded.*