**Alexandria**

ZION CHURCH DESIGNERS AND BUILDERS

AND

CONTINENTAL CASUALTY COMPANY

v.

DONALD WAYNE McDONALD

AND

FIRST CHURCH OF THE NAZARENE

No. 2023-93-4

Decided June 28, 1994

COUNSEL

Christopher P. Schewe, for appellants.

Lawrence J. Pascal (Ashcraft & Gerel, on brief), for appellee, Donald Wayne McDonald.

Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellee, First Church of the Nazarene, to argue its motion to dismiss.

OPINION

**WILLIS, J.**—Zion Church Designers and Builders (Zion) appeals the decision of the Virginia Workers' Compensation Commission awarding benefits to Donald Wayne McDonald. Zion contends (1) that McDonald's injury did not arise out of and in the course of his employment, (2) that McDonald was not its employee, but was employed by First Church of the Nazarene (the Church), (3) that the Church was obligated to provide workers' compensation coverage to McDonald, and (4) that the Church is the party liable to provide benefits to McDonald. Zion failed to note its appeal timely with respect to the Church, a necessary party. Therefore, we dismiss the appeal.

On March 23, 1990, Zion and the Church entered into a contract. Zion, designated the agent, was to advise and aid the Church, designated the principal, "in the proper selection of a structure and the financing thereof" and "directing the construction of the structure itself." The contract provided that "the Agent will act for the Principal in the hiring of labor, arranging for the material, and supervising the contractors necessary to complete the structure." Zion agreed "to utilize all workmen and material in the most economical manner" and to "maintain a competent Project Superintendent on the job-site during the progress of construction. The project superintendent shall represent the agent in his absence." The contract provided Zion a fixed fee of $79,000, which was ten percent of the estimated cost of the project.

The contract provided that Zion would pay a General Superintendent, who would check on the project periodically. The Church's responsibilities included paying the salary of the project

superintendent and paying the payroll and bills as they accrued. The Church also agreed to provide general liability insurance and to "arrange for Workmen's Compensation . . . for 'all employees' for the protection of the principal in the event of an accident."

On October 23, 1990, Donald Wayne McDonald, a workman on the project, arrived at approximately 6:20 a.m. and proceeded to check the site as instructed by the job foreman. McDonald noticed a box of tar paper, weighing 35-50 pounds, sitting on a wall. He retrieved the box and, as he carried it off the wall, a board upon which he was walking broke, causing him to fall, injuring both legs.

On May 17, 1991, McDonald filed an application with the Workers' Compensation Commission seeking benefits as a result of his injury. He joined both Zion and the Church. Both Zion and the Church denied liability, each contending that McDonald was the other's employee. On September 9, 1993, the commission entered an award, affirming the earlier decision of a deputy commissioner, finding that McDonald was Zion's employee and awarding him temporary total disability benefits from Zion. On October 8, 1993, Zion filed with the clerk of the commission a notice of appeal naming McDonald as appellee, but making no reference to the Church. On October 18, 1993, Zion filed with the clerk of the commission an "Addendum to Notice of Appeal" adding the Church as an appellee.

The applicable statutes and rules of court set forth the jurisdictional requirements for perfecting an appeal to this Court.

> The notice of appeal in all cases within the jurisdiction of [The Court of Appeals] shall be filed with the clerk of the trial court or the clerk of the Industrial Commission, as appropriate, and a copy of such notice shall be mailed or delivered to all opposing counsel and parties not represented by counsel and to the clerk of the Court of Appeals.

Code § 17-116.05:2(A).

> The notice of appeal to the Court of Appeals shall be filed in every case within the Court's appellate jurisdiction as provided in § 8.01-675.3.

Code § 17-116.05:3.

> [A] notice of appeal to the Court of Appeals in any case within the jurisdiction of the Court shall be filed within thirty days from the date of any final judgment order, decree or conviction.

Code § 8.01-675.3.

> No appeal from an order of the Commission shall be allowed unless, within 30 days after entry of the order appealed from, . . . counsel files with the clerk of the Virginia Workers' Compensation Commission a notice of appeal which shall state the names and addresses of all appellants and appellees, the names, addresses, and telephone numbers of counsel for each party, and the address and telephone number of any party not represented by counsel. . . .

Rule 5A:11(b).

> The times prescribed for filing the notice of appeal (Rules 5A:6 and 5A:11) . . . are mandatory.

Rule 5A:3(a).

 The time requirement for the filing of a notice of appeal is jurisdictional. The filing forestalls the finality of the appealed adjudication, notifies the appellee that he cannot rest on his victory, and initiates the time frame of the case in the Court of Appeals. The time requirement for filing is mandatory, and failure of the appellant to file the notice of appeal timely requires dismissal of the appeal. *See Williams v. Landon*, 1 Va. App. 206, 336 S.E.2d 907 (1985).

The October 8, 1993 filing, which impleaded McDonald, was timely. The October 18, 1993 filing, which first impleaded the Church, was not. We hold that because the Church was a necessary party to the appeal, Zion's failure to give timely notice of appeal with respect to the Church renders its initial notice of appeal ineffective and requires dismissal of the appeal.

Zion's failure to name the Church in its October 8 notice of appeal was not a mere failure to perform a directory act. *See Johnson v. City of Clifton Forge*, 7 Va. App. 538, 375 S.E.2d 548

(1989), *aff'd on other grounds*, 9 Va. App. 376, 388 S.E.2d 654 (1990). Neither was it a mere error of internal reference. *See Carlton v. Paxton*, 14 Va. App. 105, 415 S.E.2d 600, *aff'd en banc*, 15 Va. App. 265, 422 S.E.2d 423 (1992). Rather, it was a failure to comply with a requirement made mandatory by both statute and rule.

This case does not involve collateral claims by McDonald against Zion and the Church. Rather, it concerns one claim as to which Zion and the Church are alternatively liable. Both Zion and the Church are parties necessary to a complete and proper resolution of McDonald's claim. McDonald joined both as parties before the commission. Having prevailed against Zion, McDonald had no reason to appeal. To permit Zion to appeal without joining the Church would be to expose McDonald to the loss of his award from Zion while denying him the opportunity to pursue his claim against the Church. It would deny McDonald the benefit of his prudence and the opportunity for a full vindication of his rights. For this reason, we hold that the Church is an indispensable party to this appeal and that Zion's failure to join the Church requires dismissal of the appeal.

The appeal is dismissed.

*Dismissed.*

Moon, C.J., and Elder, J., concurred.