COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


TEAGLE & LITTLE, INC.
and
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

v.          Record No. 2270-94-1     MEMORANDUM OPINION[*] BY
                                     JUDGE JERE M. H. WILLIS, JR.
JAMES J. BALCHUNIS                       JULY 25, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Fay F. Spence (Spence & Whitlow, on brief),
              for appellants.

              Jeffrey C. Flax (Kelberg, Childress and Flax,
              on brief), for appellee.


        Teagle & Little, Inc. and Nationwide Mutual Fire Insurance

Company (Teagle) appeal the decision of the Workers' Compensation

Commission awarding benefits to James J. Balchunis.  Teagle

contends that Balchunis's injury did not arise out of his

employment.  Balchunis contends that Teagle's appeal should be

dismissed because 1) the notice of appeal did not comply with all

the requirements of Rule 5A:11, and 2) Teagle did not file a

designation of the contents of the appendix as required by Rule

5A:25.  We deny the motion to dismiss, and finding no error,

affirm the award.

                        MOTION TO DISMISS
          No appeal from an order of the Commission shall be
          allowed unless, within 30 days after entry of the order
          appealed from, . . . counsel files with the clerk of

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Virginia Workers' Compensation Commission a notice of appeal which shall state the names and addresses of all appellants and appellees, the names, addresses, and telephone numbers of counsel for each party, . . . and whether the appellant challenges the sufficiency of the evidence to support the findings of the Commission.

Rule 5A:11(b). Balchunis argues that because Teagle's notice of appeal did not contain the addresses of both parties, the phone number of Balchunis's attorney, and whether Teagle was challenging the sufficiency of the evidence, its appeal should be dismissed for failure to comply with Rule 5A:11(b). Teagle's failure to include this information was a mere failure to perform a directory act and was not fatal to its appeal. See Zion Church Designers v. McDonald, 18 Va. App. 580, 445 S.E.2d 704 (1990); see also Johnson v. City of Clifton Forge, 7 Va. App. 538, 375 S.E.2d 548 (1989), aff'd on other grounds, 9 Va. App. 376, 388 S.E.2d 654 (1990).

Balchunis also argues that because Teagle did not file a statement of questions to be presented and a designation of the contents to be included in the appendix as required by Rule 5A:25(d), its appeal should be dismissed. Failure to designate the contents of the record under Rule 5A:25(d) "is not ground for dismissal if an appellant includes in his appendix everything germane to the disposition of his appeal and the appellee has not been prejudiced by the failure." Wilcox v. Lauterbach Elec. Co., 233 Va. 416, 420, 357 S.E.2d 197, 199 (1987). Balchunis was familiar with the issue being appealed because there had been only one issue throughout the case; therefore, a failure by

Teagle to file a statement of questions presented did not prejudice Balchunis. Teagle included everything germane to disposition of the appeal in his appendix.

## MERITS

On appeal, we view the evidence in the light most favorable to the party prevailing below. Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). For an injury to be compensable, the claimant must prove an "injury by accident arising out of and in the course of the employment . . . ." Code § 65.2-101. "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Service v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989) (citing Park Oil v. Parham, 1 Va. App. 166, 168, 336 S.E.2d 531, 532 (1985)).

Balchunis was employed by Teagle as a lead stripper. On April 21, 1992, he was injured while carrying a proof to the bindery. As he approached a "blind" corner, he had to "zig-zag" out of the way of two members of the cleaning crew, who approached from the opposite direction, in order to avoid a collision. When he made those sudden movements, he felt his knee "pop."

Balchunis went to Sentara Medical Care Center for a left knee exam. He was referred by the Center to Dr. Dobson, orthopaedist, who diagnosed "an anterior tear of the medial

meniscus." On July 31, 1992, Dr. Abbott, orthopaedic surgeon, performed a partial medial meniscectomy. On September 8, 1992, he indicated that Balchunis had reached maximum medical improvement. On October 18, 1994, the commission entered an award, affirming the earlier decision of a deputy commissioner finding that Balchunis's injury arose out of and in the course of his employment and awarding him temporary total and permanent partial disability benefits.

Teagle contends that the commission erred in finding that Balchunis's injury arose out of his employment. Teagle argues that stepping out of someone's way is neither an unusual act nor incidental to the character of the printing business. Citing County of Chesterfield v. Johnson, 237 Va. 180, 376 S.E.2d 73 (1989), Teagle argues that Balchunis was equally exposed to this type of injury outside of his employment.

In Johnson, only the claimant was involved in the accident. Here, the accident took place while Balchunis was performing his job duties. It was caused by Balchunis's trying to avoid a collision with members of the cleaning crew who were also on Teagle's premises performing their job. Turning on the stairs is a common activity. Sudden movement to avoid a collision with a cleaning crew is not.

There was no question that the injury occurred "in the course" of Balchunis's employment because it occurred while he was on his employer's premises during work hours. The sole issue

on review is whether he suffered an accident "arising out of" his employment. "An accident arises out of the employment when there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." United Parcel Service v. Fetterman, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1985). "[A]n injury arises 'out of' the employment when it has followed as a natural incident of the work . . . [t]he causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship." Id. at 258-59, 336 S.E.2d at 893.

Balchunis proved that the sudden "zig-zag" movement he made to avoid a collision with the cleaning people was incidental to his work. Therefore, his knee injury arose out of his employment.

We affirm the award of the commission.

Affirmed.