COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Humphreys and Senior Judge Willis

ABC

MEMORANDUM OPINION[*]

v.   Record No. 0302-03-2                 PER CURIAM
                                          AUGUST 12, 2003

XYZ

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

(T. Michael Blanks, Jr.; Marchant, Thurston,
Honey & Blanks, L.L.P., on briefs), for
appellant.

(Ronald R. Tweel; Elizabeth P. Coughter;
Michie, Hamlett, Lowry, Rasmussen & Tweel,
P.C., on brief), for appellee.


ABC, the child's father, appeals the January 7, 2003 order of the circuit court requiring intensive psychotherapy for father. Upon reviewing the record and briefs, we conclude that this appeal is without merit.  We dismiss the appeal in part and summarily affirm the decision of the trial court in part.  See Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to appellee as the party prevailing below and grant to that evidence all reasonable inferences.  McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties have never married.  The mother gave birth to their son on April 18, 1999.  Following extensive hearings, which included expert testimony, the trial judge awarded the mother sole legal and physical custody of the child by order entered April 20, 2001.  The order provided the father with limited, supervised visitation and required him to undergo a psychological assessment and obtain any recommended treatment.  Although the father noted objections to the order, he did not appeal within the thirty days of entry of the order.

After the father filed Dr. Stephen E. Doyne's psychological evaluation of the father, the mother filed a motion to order intensive psychotherapy for the father.  In October 2002, the trial judge heard argument on mother's motion.  The trial judge admitted Dr. Doyne's report into evidence.  Following an ore tenus hearing at which testimony included opinions of other expert witnesses, the trial judge entered an order on January 7, 2003 that found Dr. Doyne's report was insufficient to satisfy the requirements of the April 20, 2001 order and directed the father to begin intensive psychotherapy.  The father appeals.

II.

Analysis

On appeal, the father contends the trial judge erred by denying his motion to exclude expert testimony, denying his motion for psychological testing of the mother, and restricting his visitation and conditioning it upon his undergoing psychotherapy.

-

In compliance with Rule 5A:20(c), the father's brief indicates that the father raised three issues in the circuit court and preserved these issues by his objections as noted on the April 20, 2001 custody order.

A final order "'disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to [its terms], and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Marchant & Taylor v. Mathews Co., 139 Va. 723, 734, 124 S.E. 420, 423 (1924). See also Leggett v. Caudill, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994); Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964); Newsome v. Newsome, 18 Va. App. 22, 26, 441 S.E.2d 346, 348 (1994). The April 20, 2001 custody order disposed of the whole subject, gave all the relief contemplated, provided with reasonable completeness for giving effect to its terms and left nothing to be done in the cause save to superintend ministerially the compliance with the order. It was, therefore, a final order.

"[A] notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within thirty days from the date of any final judgment order, decree or conviction." Code § 8.01-675.3. The notice of appeal in this case was filed more than thirty days after entry of the April 20, 2001 order. We are barred from considering these issues on

-

appeal.  See Zion Church Designers & Bldrs. v. McDonald, 18

Va. App. 580, 583, 445 S.E.2d 704, 705 (1994) (holding that

"[t]he time requirement for filing a notice of appeal is

jurisdictional").  Accordingly, we dismiss the appeal as to

these issues.

### III.

The father also contends the trial judge erred "in

excluding Dr. Stephen Doyne's testimony and report from

evidence" at the 2002 hearing.  The record reflects, however,

that the trial judge admitted in evidence the report and Doyne's

deposition.  The judge ruled that "the transcript is in

evidence, and what [father] said to Dr. [Doyne is] in evidence."

Appellant, therefore, obtained the relief he now requests.

Thus, to the extent that this issue is properly before us, see

Code § 17.1-405(4), and not moot, we summarily affirm the trial

judge's decision.

### IV.

For these reasons, we dismiss, in part, the appeal and

summarily affirm, in part, the order.  See Rule 5A:27.  In

addition, we grant the mother's motion for attorney fees and

remand to the trial court to assess a reasonable attorney fee for

the appeal.

Dismissed in part,
affirmed in part,
and remanded.

-