COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Felton and Senior Judge Willis

HOMECARE OF VIRGINIA, INC. AND
 WILLIAM S. JONES, JR.
                                                          MEMORANDUM OPINION*
v.        Record No. 3134-03-1                                 PER CURIAM
                                                               APRIL 20, 2004
MAURICE A. JONES, COMMISSIONER,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
E. Preston Grissom, Judge

(William S. Jones, Jr., on briefs), for appellants.

(Jerry W. Kilgore, Attorney General; David E. Johnson, Deputy
Attorney General; Kim F. Piner, Senior Assistant Attorney General;
Cheryl A. Wilkerson, Assistant Attorney General, on brief), for
appellee.


        William S. Jones, Jr. and Homecare of Virginia, Inc. appeal the September 11, 2003 order of

the circuit court finding Jones in civil contempt for failing to comply with the court's previous

orders requiring Jones to reduce the total number of residents in his care to no more than three

persons.  In his opening brief, Jones includes twenty-eight assignments of error.  As explained

below, we address only his arguments challenging the trial court's conclusion that the evidence

established he had not complied with the court's earlier orders.  Upon reviewing the record and

briefs of the parties, we conclude that some of Jones' complaints are untimely and the rest are

without merit.  Accordingly, we dismiss the appeal in part and summarily affirm the decision of the

trial court in part.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On December 12, 2002, the Department of Social Services (the Department) issued a decision denying a renewal license to Homecare of Virginia, Inc., an assisted living facility operated by Jones. Jones sought a review of the decision before the circuit court. The court, finding Jones had failed to meet statutory deadlines, dismissed the appeal. Jones appealed that decision, which this Court dismissed after Jones did not timely file an opening brief and appendix. See Jones v. Commonwealth, Record No. 2342-03-1 (Va. Ct. App. Nov. 24, 2003).

On March 14, 2003, the Department filed a bill of complaint seeking injunctions to prevent Jones from operating the assisted living facility without the proper license. The trial court, on April 2, 2003, issued a temporary injunction ordering Jones to reduce the number of people in his care to no more than three persons by April 18, 2003, to cooperate with public agencies to relocate the residents, and to permit access to the Department to ensure compliance with the order. On May 8, 2003, the court issued a rule for Jones to appear on June 25, 2003 to show cause why he should not be held in contempt for failure to comply with the April 2, 2003 injunction.

At the June 25, 2003 hearing, the court determined Jones had not complied with the previous order. The court found Jones continued to provide care and services to six residents, three of whom he had moved to a different address. Ruling that Jones had not willfully defied the earlier order, the court did not hold him in contempt. Thereafter, the court ordered Jones to remove all but three residents from his care in order to comply with Code § 63.2-1712, which prohibits unlicensed assisted living facilities from providing care or maintenance to four or more adults whom are aged, infirm, or disabled in two or more locations. See Code § 63.2-100 (defining "Adult day care center"). The court further required Jones to relocate the residents by

July 9, 2003 and to contact the Department after the relocation to provide details of the status of each removed resident.

At the September 10, 2003 show cause hearing, the court heard evidence concerning the status of the residents. Social worker Sandra Liebler testified that on August 13, 2003 she visited the facility and observed more than three residents there. Susan Hackney, a Department licensing administrator, testified appellant failed to contact her by July 9 as required. Patrick Harvey, a licensing inspector, testified that on July 22, 2003, he visited both facility locations and determined the residents still resided at the facility, in its two locations, and were being cared for by Jones.

The trial court concluded appellant was still providing care to more than three residents in violation of its earlier orders and found Jones in contempt, sentencing him to a period of incarceration for six months, or until Jones purged himself of the contempt by moving three of the residents. Jones appeals from that ruling.

Analysis

I.

Among his questions presented, Jones appears to cite as error the trial court's dismissal of his appeal of the agency ruling, the court's imposition of the temporary injunction, and other earlier rulings by the trial court. To the extent Jones challenges the trial court's earlier rulings, he is time-barred from now raising those issues.

Code § 17.1-408 provides that "a notice of appeal to the Court of Appeals shall be filed in every case within the court's appellate jurisdiction as provided in § 8.01-675.3." The notice of appeal shall be filed "with the trial court," Code § 17.1-407, and, as relevant here, "shall be filed within thirty days from the date of any final judgment, decree or conviction. When an appeal from an interlocutory decree or order is permitted, the appeal shall be filed within thirty days

from the date of such decree or order . . . ." Code § 8.01-675.3. The "time[] prescribed for filing the notice of appeal . . . [is] mandatory," Rule 5A:3(a), and, unless followed, "[n]o appeal shall be allowed," Rule 5A:6. See Zion Church Designers & Bldrs. v. McDonald, 18 Va. App. 580, 583, 445 S.E.2d 704, 705 (1994) (holding that "[t]he time requirement for filing a notice of appeal is jurisdictional").

Furthermore, in his notice of appeal, Jones indicated he was appealing the trial court's September 11, 2003 order finding him in contempt. Jones failed to perfect an appeal of orders not included in his notice of appeal. See Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 141 (1974) (finding a notice of appeal that fails to identify accurately the cause being appealed does not perfect an appeal within the allotted time); Lyons v. Galanides, Inc., 207 Va. 874, 876, 153 S.E.2d 221, 225 (1967) (holding a notice of appeal identifying the wrong order does not effect an appeal of another order that an appellant intends to appeal). Accordingly, we dismiss the appeal as to these issues.

II.

Jones challenges the sufficiency of the evidence supporting the trial court's finding of contempt. "Where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it." Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998). "When reviewing the sufficiency of the evidence supporting this contempt finding, we view the evidence in the light most favorable to the [Department]." Glanz v. Mendelson, 34 Va. App. 141, 148, 538 S.E.2d 348, 351-52 (2000).

In its earlier orders, the trial court required Jones to reduce the number of people in his care to no more than three persons by July 9, 2003 and to contact the Department after he had relocated the residents. On July 22, 2003, Harvey visited the facilities operated by Jones and

- 4 -

observed four residents and learned, through interviews with the residents, that two others were still residing in the two locations and were being cared for by Jones and his employee. Hackney explained Jones never contacted the Department with information about the residents.

"Willful disobedience to any lawful . . . order of court is contempt and . . . punishable as such." Board of Supervisors v. Bazile, 195 Va. 739, 745, 80 S.E.2d 566, 571 (1954). A trial court "has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order." Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982). The trial court clearly informed Jones that he could not maintain the residents in two facilities and required Jones to relocate three of the residents. The evidence supports the court's conclusion that Jones willfully refused to remove the residents from his care. The court properly held Jones in contempt and permissibly imposed a period of incarceration to compel him to comply with the court's orders.

Accordingly, we dismiss the appeal in part and summarily affirm the decision of the trial court in part. See Rule 5A:27.

Affirmed.