COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Beales and O'Brien
Argued at Norfolk, Virginia


RAYSHAWN TORRELL GREER

OPINION BY
v.        Record No. 0175-16-1                JUDGE RANDOLPH A. BEALES
FEBRUARY 21, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Jeffrey C. Rountree for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


In this appeal, Rayshawn Torrell Greer ("appellant") argues that the trial court erred in

denying his motion to strike the charge of possession of a firearm by a convicted felon, where the

common law defense of necessity applied to his possession of a firearm.  Appellant also asks this

Court to reconsider its decision from Commonwealth v. Greer, 63 Va. App. 561, 760 S.E.2d 132

(2014), where this Court reversed the trial court's ruling in part, vacated appellant's sentence,

and remanded the case to the trial court for a new sentencing proceeding before a different jury.

I. BACKGROUND

A. PROCEDURAL HISTORY

On September 12, 2013, appellant was tried and convicted by a jury in Newport News

Circuit Court of one count of possession of a firearm by a violent felon in violation of Code

§ 18.2-308.2.  During the penalty phase of appellant's trial, the trial court gave the following

instruction to the jury:  "You have found the defendant guilty of the crime of possessing or

transporting a firearm after having been convicted of a violent felony.  Upon consideration of all

the evidence you have heard, you shall fix the defendant's punishment at a specific term of imprisonment of five years." During its deliberations, the jury submitted two questions to the trial court. The first question asked, "Is the 5 years the only option?" The trial court responded, "The answer is yes." The second question asked, "What if we do not all agree to fix punishment of 5 years?" In response to that question, the trial court issued an Allen charge and instructed the jury to resume its deliberations.[1]

Later, the jury submitted the following question: "We cannot all agree on 5 years but we agree on 2 years. Do we have any other options or sit here till we agree on 5 years? Is this the minimal sentence for this crime?" The trial court brought the jury back into the courtroom and asked the foreman if the jury had reached a unanimous verdict. The foreman indicated that the jury had reached a unanimous verdict, so the trial court directed the jury to return to the jury room to complete the sentence verdict form. Ultimately, the jury returned a verdict sentencing appellant to two years in prison. The sentencing verdict form stated, "We, the jury, having found the defendant guilty of Possession of a Firearm by Convicted Violent Felon, fix his punishment at 2 years." The jury had struck through "5 years" on the sentencing verdict form and replaced it with "2 years."

After the trial court excused the jury, the Commonwealth objected to the jury's sentence as being below the mandatory minimum sentence required by statute. The trial court overruled the objection and entered an order on September 12, 2013, sentencing appellant in accordance with the jury's verdict. The Commonwealth then filed a written motion to set aside sentence and

---

[1] Allen v. United States, 164 U.S. 492 (1896). An Allen charge reminds the jurors of their duty to reach a verdict and "is appropriate 'when jurors have announced their inability to agree.'" Joseph v. Commonwealth, 249 Va. 78, 87, 452 S.E.2d 862, 868 (1995) (quoting Petcosky v. Bowman, 197 Va. 240, 252, 89 S.E.2d 4, 13 (1955)).

to impanel a new jury on September 17, 2013. After a hearing on September 25, 2013, the trial court denied the motion to set aside the sentence.

The Commonwealth appealed the trial court's imposition of the jury's recommended sentence to this Court pursuant to Code § 19.2-398(C). This Court found that the jury's sentence was unlawful and that the trial court's imposition of that sentence was void *ab initio*. Commonwealth v. Greer, 63 Va. App. 561, 760 S.E.2d 132 (2014) ("Greer I"). Accordingly, this Court vacated the September 12, 2013 final order in part and remanded the case to the trial court for a new sentencing proceeding before a different jury. On January 11, 2016, the trial court, sitting without a jury, sentenced appellant to five years in prison, with three years of that sentence to run concurrently with a federal sentence appellant was serving at that time. This time the Commonwealth did not appeal, but appellant filed his notice of appeal on February 2, 2016.

On June 10, 2016, this Court granted appellant's petition for appeal. This Court directed the parties to address in their briefs this Court's jurisdiction over this appeal by responding to the following question:

> Was the original sentencing order dated September 12, 2013 the final order for purposes of computing the filing deadline for appellant's notice of appeal where we subsequently reversed the trial court's entry of that order holding "that the jury's sentence of two years was erroneous and the trial court's imposition of that sentence was void *ab initio*"? Commonwealth v. Greer, 63 Va. App. 561, 569, 760 S.E.2d 132, 135 (2014).

B. FACTS RELATED TO APPELLANT'S CONVICTION

At trial, appellant testified in his own defense. On August 4, 2010, appellant told Frank Griffin that he was no longer allowed to stay at appellant's apartment. Appellant testified that he did not live with Griffin, but that Griffin "stayed there from time to time." Appellant claimed that Griffin had "overstayed his welcome and was asking [appellant] for money and all types of

strange behavior." Later that night, appellant went to a nightclub called the Alley. When appellant left the nightclub around 1:30 or 2:00 a.m., he checked his cell phone and noticed that he had several missed calls from Griffin. At some point after appellant had returned to his residence, he answered a phone call from Griffin. Appellant testified that Griffin demanded to know where appellant was. Appellant described Griffin as aggressive. Appellant lied to Griffin by telling him that he "was at Jobet's parking lot." Appellant testified that he was afraid that Griffin would try to harm him.

After he had spoken to Griffin on the phone, appellant retrieved his firearm from his apartment to arm himself. He then left his apartment and "went to the next parking lot" to get "as far away from [his] apartment as possible." The parking lot in question was the same parking lot where appellant told Griffin he was located, despite appellant's having testified that he was afraid of Griffin. The Commonwealth asked the question, "You went inside your apartment, armed yourself with the firearm and went to the exact place you supposedly lied about to stay away from him. Is that what you're testifying to today?" Appellant responded, "Yes, ma'am." Appellant then testified:

> At the point in time when I told him I was at Jobet's parking lot, I
> really wanted to keep him as far away from my apartment as
> possible and really wanted to get a location on where he was at. I
> didn't feel safe not knowing where he was at. So I really felt I
> would be safe if I knew his location.

Eventually, appellant arrived at the parking lot near Jobet's and observed Griffin outside of Jobet's residence. Appellant noticed that Griffin was carrying a firearm in his hand. Appellant testified that Griffin then called out to appellant. However, Police Detective Wayne Verdaasdonk testified that appellant told him that it was appellant himself who first called out to Griffin by stating, "Hey, I'm over here." When appellant first observed Griffin, appellant did not leave – even though he knew Griffin was armed and he admitted that nothing prevented him

from being able to leave the scene. Appellant also testified he did not leave because he "really didn't believe the situation was as serious as it was" at that time despite having previously testified that he did not feel safe around Griffin.

Griffin then approached appellant, who tried to keep his distance from Griffin by standing on the other side of a car. When Griffin got close enough to appellant, Griffin put his gun to appellant's head. Appellant pushed the gun aside, claiming later that he believed that Griffin was "horseplaying." When Griffin placed his gun to appellant's head a second and third time, appellant realized Griffin "was serious." A struggle between the two individuals ensued as both men struggled for control of Griffin's weapon. During that struggle, appellant "just panicked," pulled out his own firearm, and shot Griffin twice. Griffin died from his wounds.[2]

Police Detective Verdaasdonk testified that he spoke with appellant on August 6, 2010 about the shooting death of Frank Griffin. During the course of the interview, appellant told Verdaasdonk that he shot Griffin with a gun that appellant owned – "a Taurus 9mm" handgun. Appellant told Verdaasdonk that he had been convicted of a felony and that he knew he was not allowed to carry a firearm. Appellant admitted to Verdaasdonk that he sold marijuana, and he explained to Verdaasdonk that he carries a firearm because he lives in a dangerous neighborhood and because he sells marijuana. After the conclusion of his interview with the police, appellant voluntarily took the police to his girlfriend's house to retrieve his firearm.

## II. ANALYSIS

### A. JURISDICTION OF THIS COURT TO CONSIDER APPELLANT'S FIRST ASSIGNMENT OF ERROR

In this Court's order granting appellant's petition for appeal, this Court directed the parties to respond to the following question:

---

[2] While not expressly clear from the record, it appears from the testimony of Detective Verdaasdonk that charges against appellant regarding the killing of Griffin were not pursued based on the belief that appellant had acted in self-defense.

> Was the original sentencing order dated September 12, 2013 the final order for purposes of computing the filing deadline for appellant's notice of appeal where we subsequently reversed the trial court's entry of that order holding "that the jury's sentence of two years was erroneous and the trial court's imposition of that sentence was void *ab initio*"? Commonwealth v. Greer, 63 Va. App. 561, 569, 760 S.E.2d 132, 135 (2014).

Appellant argues that because this Court determined that the September 12, 2013 sentencing order was void *ab initio* and a complete nullity, that order cannot be the final order for purposes of computing the filing deadline for appellant's notice of appeal in this matter. The Commonwealth argues that appellant cannot challenge the merits of his conviction in this appeal because he failed to appeal his conviction in a timely fashion in 2013. We find that appellant's failure to file a timely notice of appeal of the trial court's September 12, 2013 final order of conviction deprived this Court of active jurisdiction to address appellant's first assignment of error.

Pursuant to Code §§ 17.1-408 and 8.01-675.3, "a notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within 30 days from the date of any final judgment order, decree or conviction." Code § 8.01-675.3. The Rules of the Supreme Court state,

> No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court under Rule 5A:3(a), counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel.

Rule 5A:6(a). In order for a notice of appeal to confer active jurisdiction on this Court, it must be timely filed and identify the order being appealed. Roberson v. Commonwealth, 279 Va. 396, 407, 689 S.E.2d 706, 712-13 (2010).

First, we note that this Court's decision in Greer I only vacated the trial court's final, appealable September 12, 2013 order *in part*. This Court did not remand the matter for a new

- 6 -

trial because this Court did not vacate appellant's criminal conviction. Instead, this Court merely vacated appellant's *sentence* and remanded the case to the trial court for a new sentencing hearing before a different jury. 63 Va. App. at 579, 760 S.E.2d at 141. For these reasons, appellant's argument that the final order of his conviction entered September 12, 2013 was void *ab initio* is without merit.

Second, our review of the relevant statutes compels us to conclude that the Commonwealth's decision to exercise its limited right to a post-trial appeal of the trial court's imposition of the void sentence did not preclude appellant in any way from perfecting his own appeal of the final order of conviction rendered on September 12, 2013. In addition, Code § 19.2-401 expressly allows a defendant to file a cross-appeal in the event that the defendant also is aggrieved by the order appealed by the Commonwealth ("If the Commonwealth appeals, the defendant may cross appeal from any orders from which the Commonwealth may appeal, pursuant to [Code] § 19.2-398."). Thus, appellant had the statutory right to challenge his conviction either by filing his own notice of appeal within the required time frame or by filing a cross-appeal pursuant to Code § 19.2-401. Appellant did neither in this instance.

When the trial court entered its final, appealable order on September 12, 2013, appellant did not notice an appeal of his conviction within the required thirty-day period. After appellant was initially sentenced to only two years imprisonment, appellant and his counsel made the strategic decision not to challenge the merits of his conviction and instead argued on appeal that his sentence was proper – even though that sentence fell below the statutory mandatory minimum of five years for that offense. See Code § 18.2-308.2. Appellant did not file his notice of appeal of the final order of conviction until February 2, 2016. Accordingly, we conclude that appellant's notice of appeal was not timely filed with respect to appellant's first assignment of error challenging the merits of his conviction below. Because the time requirement for the filing

of a notice of appeal is jurisdictional, this Court is without active jurisdiction to address

appellant's first assignment of error. See Roberson, 279 Va. at 407, 689 S.E.2d at 712-13

(holding that in order for a notice of appeal to confer active jurisdiction on this Court, it must be

timely filed); see also Watkins v. Fairfax Cty. Dep't of Family Servs., 42 Va. App. 760, 769, 595

S.E.2d 19, 24 (2004) ("'[T]he [30-day] time requirement for the filing of a notice of appeal is

jurisdictional,' because it 'forestalls the finality of the appealed adjudication, notifies the

appellee that he cannot rest on his victory, and initiates the time frame of the case in the Court of

Appeals . . . .'" (quoting Zion Church Designers & Builders v. McDonald, 18 Va. App. 580, 583,

445 S.E.2d 704, 705 (1994))).  For these reasons, we dismiss appellant's first assignment of error

for lack of active jurisdiction to consider it.

## B.  RECONSIDERATION OF THIS COURT'S DECISION IN GREER I

Appellant asserts in his second and third assignments of error that this Court erred in

Greer I by reversing the trial court's sentencing of appellant to two years of imprisonment.  The

Commonwealth asserts that the law of the case doctrine bars this Court from reconsidering its

earlier ruling vacating Greer's unlawful two-year sentence.

"The 'law of the case' doctrine is well established in the courts of this Commonwealth."

Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26, 661 S.E.2d 822, 826 (2008).  Under this

doctrine,

> [when] there have been two appeals in the same case, between the
> same parties, and the facts are the same, nothing decided on the
> first appeal can be re-examined on a second appeal.  Right or
> wrong, it is binding on both the trial court and the appellate court,
> and is not subject to re-examination by either.  For the purpose of
> that case, though only for that case, the decision on the first appeal
> is the law.

Id. (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917)).

This matter represents the second appeal of the same case, is between the same parties, and

- 8 -

involves the same facts. Accordingly, under the law of the case doctrine, this Court's decision in Greer I was binding on both the trial court on remand and this Court on appeal.

The General Assembly, however, has created a statutory exception to the law of the case doctrine in the context of *certain* Commonwealth appeals. Code § 19.2-409 reads:

> *This section applies only to pretrial appeals.* The provisions of § 19.2-243 shall not apply to the period of time commencing when the Commonwealth's notice of pretrial appeal is filed pursuant to this chapter and ending 60 days after the Court of Appeals or Supreme Court issues its mandate disposing of the pretrial appeal. Such finality of *the Court of Appeals' decision shall not preclude a defendant, if he is convicted, from requesting the Court of Appeals or Supreme Court on direct appeal to reconsider an issue which was the subject of the pretrial appeal.*

(Emphasis added). Thus, in a scenario in which (1) the Commonwealth has exercised its right to a *pretrial appeal*, (2) an opinion of this Court is rendered, and (3) the defendant is ultimately convicted in the trial court on remand, the defendant would have a statutory right to the reconsideration of "an issue which was the subject of the pretrial appeal." Id. The matter of Greer I, however, came before this Court by way of the Commonwealth's *post-trial* appeal pursuant to Code § 19.2-398(C) ("A petition for appeal may be taken by the Commonwealth in a felony case after conviction where the sentence imposed by the circuit court is contrary to mandatory sentencing or restitution terms required by statute.").

"It is a fundamental principle of statutory construction that *expressio unius est exclusio alterius*, or 'where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute.'" Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005) (quoting Commonwealth v. Brown, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000)). Applying that principle of statutory construction to the instant case, this Court finds that the General Assembly has not extended to *post-trial* Commonwealth appeals the right to reconsideration of issues previously decided by this Court.

In contrast, the General Assembly has expressly extended this right to reconsideration in pretrial Commonwealth appeals. The Court notes that this distinction regarding the finality of decisions of this Court in Commonwealth pretrial appeals versus post-trial appeals is also present in Code § 17.1-410(A)(4):

> When the Court of Appeals has . . . decided an appeal, its decision shall be final, without appeal to the Supreme Court, in:
>
> . . . .
>
> Appeals in criminal cases pursuant to §§ 19.2-398 and 19.2-401. Such finality of the Court of Appeals' decision shall not preclude a defendant, if he is convicted, from requesting the Court of Appeals or Supreme Court on direct appeal to reconsider an issue which was the subject of the *pretrial appeal*[.]

Therefore, absent a statutory provision specifically granting to a defendant the right to request this Court on direct appeal to reconsider an issue which was the subject of a prior *post-trial Commonwealth appeal*, this Court must conclude that the law of the case doctrine bars our reconsideration of this Court's decision in Greer I.[3]

### III. CONCLUSION

In summary, we find that appellant's February 2, 2016 notice of appeal was not timely filed. For that reason, it is insufficient now to confer active jurisdiction on this Court at this point to consider appellant's challenge of the merits of his conviction. Accordingly, we dismiss appellant's first assignment of error. In addition, on Assignments of Error 2 and 3, we find that the law of the case doctrine prevents appellant from mounting a successful challenge to this Court's decision in Greer I. For these reasons, we dismiss the appeal's assignment of error

---

[3] Moreover, the Supreme Court has already considered and dismissed appellant's appeal of this Court's decision in Greer I. By order entered September 19, 2014, the Supreme Court found that "the July 22, 2014 judgment of the Court of Appeals in the Commonwealth appeal filed pursuant to Code § 19.2-398(C) [was] final, without appeal to this Court," pursuant to Code § 17.1-410(A)(4) and (B).

challenging appellant's conviction, and we affirm the trial court with regard to appellant's

assignments of error related to his sentence.[4]

Affirmed in part, and dismissed in part.

---

[4] As we noted *supra*, because the Commonwealth did not file an appeal regarding how the trial court handled the resentencing on remand in the trial court, we do not reach the issue of whether the sentencing on remand was appropriate.