UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Callins and Frucci
Argued by videoconference


AYLA SALKAY

MEMORANDUM OPINION[*] BY
v.        Record No. 0880-23-2          JUDGE STEVEN C. FRUCCI
OCTOBER 1, 2024

CITY OF CHARLOTTESVILLE
  DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Claude V. Worrell, II, Judge

Christopher C. Graham (Eustis & Graham, PC, on brief), for
appellant.

Samantha Freed; Anthony D. Martin, Guardian ad litem for the
minor child (Katrina E. Callsen; City of Charlottesville City
Attorney's Office; Lepold & Martin, PLLC, on brief), for appellee.


Ayla Salkay ("mother") appeals the order of the Circuit Court for the City of Charlottesville

terminating her parental rights to her biological child, A.S, under Code § 16.1-283(C)(2) and

granting the petition of the City of Charlottesville Department of Social Services ("Department").

The record lacks the notice of appeal from the Juvenile and Domestic Relations District Court

for the City of Charlottesville ("JDR court") to the circuit court, which is necessary to determine

if our Court has jurisdiction.  Accordingly, we dismiss this appeal.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

A.S. is the 3-year-and-10-month-old daughter of mother.[1]  A.S. was removed from the custody of her parents and was administratively placed in foster care on August 4, 2021.  On June 29, 2022, the Department petitioned the JDR court to terminate the parental rights of mother pursuant to Code §§ 16.1-282.1 and -283.  The JDR court granted the petition and, on October 3, 2022, entered an order terminating mother's parental rights pursuant to Code § 16.1-283(C) and giving the Department the authority to place A.S. for adoption.  Subsequently, a de novo hearing was conducted in the circuit court on the Department's petition.  As a result, the circuit court granted the petition and entered an order on May 1, 2023, that terminated mother's parental rights.  Mother then appealed the matter to this Court.  However, the record presented to this Court did not include a notice of appeal from the JDR court to the circuit court.

ANALYSIS

"[A]n appellate court's review of the case is limited to the record on appeal." *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015) (alteration in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).  "[I]t is the responsibility of an appellant to provide us with a record sufficient to allow us to reach his or her assignments of error." *Browning v. Browning*, 68 Va. App. 19, 31 (2017).  "From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a final judgment . . . ." Code § 16.1-296(A).  "Failure to comply with the rules governing appeals precludes the exercise of jurisdiction by the circuit court . . . ." *Blevins v. Prince William Cnty. Dep't of Soc. Servs.*, 61 Va. App. 94, 101 (2012).  The timely filing of a notice of appeal is jurisdictional; without it, this

___

[1] A.S.'s father's parental rights were allegedly voluntarily terminated on April 27, 2023. His parental rights are not at issue on this appeal.

- 2 -

Court does not have active jurisdiction to address the issues on appeal. *Greer v. Commonwealth*, 67 Va. App. 324, 332 (2017).

Here, the notice of appeal from the JDR court to the circuit court is absent from the record. Without the notice of appeal, we cannot confirm, and we do not assume, that the circuit court had jurisdiction over the proceedings allegedly appealed from the juvenile court.[2]

## CONCLUSION

For the foregoing reasons, we dismiss mother's appeal.

*Dismissed.*

---

[2] At this time, neither party has requested a writ of certiorari and "nothing requires a court to do so sua sponte." *Eckard v. Commonwealth*, ___ Va. ___, ___ (Aug. 1, 2024).