COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


CHAD CRAWFORD ROBERSON
                                                    OPINION BY
v.       Record No. 3065-07-1              JUDGE ROBERT J. HUMPHREYS
                                                 MARCH 31, 2009
CITY OF VIRGINIA BEACH[1]


               FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                                Thomas S. Shadrick, Judge

          John D. Hooker, Jr. (John D. Hooker, Jr. & Associates, on brief),
          for appellant.

          No brief filed on behalf of appellee.[2]


       Chad Crawford Roberson ("Roberson") appeals his conviction for driving under the

influence of alcohol to this Court.  Because he has not properly perfected his appeal, we dismiss

it.

       On May 19, 2007, a Virginia Beach police officer arrested Roberson for driving under the

influence of alcohol.  The officer issued Roberson a summons.  On the summons form, there is a

line in which the officer must check a box to indicate whether the summons was for a violation

of a state statute or city ordinance.  The officer checked the box next to "CITY."  The summons

form also contains a blank line next to the word "LAW SECTION."  In that blank, the officer

wrote "21-1/18.2-266."  18.2-266 is the section of the Code of Virginia that criminalizes driving

--------

[1] As originally filed in this Court, this matter was styled "Chad Crawford Roberson v. Commonwealth of Virginia."  We have modified the style of the case to correctly reflect our holding as to the proper appellee.

[2] As noted *infra*, the Attorney General filed a brief and represented the interests of the Commonwealth to the extent that it was originally a party to this appeal.

under the influence of alcohol.  Section 21-1 of the Virginia Beach Municipal Code incorporates

Code § 18.2-266 by reference, criminalizing driving under the influence within the City of

Virginia Beach.  Later that day, a magistrate issued a warrant of arrest for Roberson charging

him with driving under the influence of alcohol.  The warrant was titled "WARRANT OF

ARREST-MISDEMEANOR (LOCAL)."

Roberson was convicted in the general district court of driving under the influence and

immediately appealed to the Virginia Beach circuit court.  A trial *de novo*, pursuant to Code

§ 16.1-136 was held on the warrant before Judge Thomas S. Shadrick on November 1, 2007.  At

that trial, Jason Miyares, Esq. ("Miyares"), an Assistant Commonwealth's Attorney, prosecuted

the case.[3]  On November 5, 2007, Judge Shadrick entered an order convicting Roberson of

driving under the influence.  The order was styled "CITY OF VIRGINIA BEACH vs. CHAD

CRAWFORD ROBERSON."  However, under the heading "CODE SECTION," the order

recited "18.2-266," the Commonwealth's driving under the influence statute.

Following Roberson's conviction, his attorney, John D. Hooker, Jr., Esq. ("Hooker"),

filed a notice of appeal to this Court.  Hooker styled the notice of appeal "Commonwealth of

Virginia, Plaintiff, v. Chad Crawford Roberson, Defendant." [4]

We granted Roberson's petition for appeal, and oral argument for the case was set for

January 15, 2009.  After the submission of the briefs, but prior to oral argument, the Attorney

---

[3] The Commonwealth's Attorney and his assistants have the primary responsibility to prosecute violations of city ordinances that carry the potential of jail time or a fine of $500 or more.  See Code § 15.2-1627 ("The attorney for the Commonwealth . . . may in his discretion, prosecute Class 1, 2 and 3 misdemeanors, or any other violation, the conviction of which carries a penalty of confinement in jail, or a fine of $500 or more, or both such confinement and fine.").  City and town attorneys may do so only if authorized to do so by their local governing bodies and with the concurrence of the Commonwealth's Attorney.  See Code § 15.2-1542(D).

[4] All documents filed by Hooker in this Court have been styled "Chad Crawford Roberson v. Commonwealth of Virginia."

General, representing the Commonwealth on appeal, moved this Court to grant leave for the trial court to correct a clerical error in the final order. The Assistant Attorney General noted that pursuant to Code § 2.2-511, the Attorney General has no authority to represent local governments in criminal cases before this Court and sought clarification of the apparent discrepancy in the final order, which styled the case "CITY OF VIRGINIA BEACH vs. CHAD CRAWFORD ROBERSON," but indicated that Roberson was convicted under a state statute, Code § 18.2-266. We granted the Attorney General's motion and remanded the case to the Circuit Court of the City of Virginia Beach for the sole purpose of making any necessary clerical corrections to the final order.

On December 15, 2008, Judge Shadrick filed an order ("the December order") stating that an order of correction is not necessary. The order explained that Roberson had been charged by the City of Virginia Beach, under a city ordinance. The order explained that Section 21-1 incorporates Code § 18.2-266 by reference and that Roberson had been "charged under the City ordinance for his violation of State law." Thus, the order concluded, the City of Virginia Beach was the proper plaintiff in the case as tried.

In response to the December order, the Assistant Attorney General sent a letter to this Court, informing us that she would appear before the panel scheduled to hear oral argument in this case to respond to any questions regarding her letter, but could not represent the City of Virginia Beach because the Attorney General's Office does not have authority over matters related to local ordinances. See Code § 2.2-511. The Commonwealth's Attorney for the City of Virginia Beach did not appear on behalf of the City of Virginia Beach in connection with this appeal.

On January 15, 2009, Hooker appeared before us for oral argument on the issues granted. Prior to oral argument on the merits of the issues presented, we asked Hooker for his response to

the December order of Judge Shadrick. At that time, Hooker displayed a certified copy of an order signed by Chief Judge Frederick Lowe of the Virginia Beach circuit court the previous day on January 14, 2009 ("the January order"). That order purported to vacate the December order and amend the December order to read "Commonwealth of Virginia vs. Chad Crawford Roberson." Hooker represented to us that Miyares and an associate from Hooker's law firm appeared at a hearing before Judge Lowe on January 14 and that the January order was the result of that hearing. The Assistant Attorney General represented to us that her office did not receive notice of the hearing until after the order was entered. Hooker claimed that the January order of Judge Lowe vacated the December order of Judge Shadrick, making the Commonwealth a proper party to the appeal. We disagree.

Under Rule 1:1, circuit courts lose jurisdiction over cases 21 days after entry of final judgment. See Rule 1:1. Code § 8.01-428 gives circuit courts the authority to correct clerical errors in a final order after the 21 days has expired. However, "[d]uring the pendency of an appeal," the circuit court may do so only "with leave of the appellate court." Code § 8.01-428. After receiving the December order, neither party requested, nor did we grant, any additional leave for the circuit court to correct clerical errors.[5] Thus, the Virginia Beach circuit court no longer had jurisdiction over Roberson's case when Judge Lowe entered the January order. That order is, therefore, null and void, and Judge Shadrick's December order remains valid.[6]

---

[5] In entering this order, we note that Judge Lowe could not have had access to the circuit court's file in this case as it had been transmitted to this Court pursuant to Rule 5A:10 of the Rules of the Supreme Court of Virginia. Moreover, the January order, entered by Judge Lowe, does not actually correct any clerical error. Instead it states that, "upon reconsideration . . . the court's order of December 15, 2008 is hereby vacated."

[6] We also note that, if, as Hooker maintains, the Commonwealth was a proper party in this case, one consequence would be that Hooker placed Judge Lowe in the position of arguably conducting an *ex parte* hearing. At the time of the hearing, the case was pending in this Court and in fact scheduled for oral argument before this panel the next day. As already noted, Code § 2.2-511 provides that the Attorney General, not the Commonwealth's Attorney, represents the

- 4 -

The December order clarified that the City of Virginia Beach was the proper plaintiff in the case at trial. Roberson did not join the City of Virginia Beach in his appeal. By failing to join an indispensable party, Roberson has "deprive[d] us of jurisdiction to consider the appeal." See Woody v. Commonwealth, 53 Va. App. 188, 198, 670 S.E.2d 39, 44 (2008) ("'[A] notice of appeal that entirely omits an indispensable party fails to transfer jurisdiction over that party to the appellate court . . . .'" (quoting Watkins v. Fairfax County Dep't of Family Services, 42 Va. App. 760, 772, 595 S.E.2d 19, 25 (2004))). Because we lack jurisdiction to consider it, we must dismiss Roberson's appeal.

Dismissed.

---

Commonwealth in all criminal appeals in which this Court has granted a petition for appeal, and indeed, the Attorney General had already participated on behalf of the Commonwealth in this case. If Hooker believed that the Commonwealth was a party to the appeal, he was, at a minimum, obliged to notify the Attorney General's office of the hearing rather than the Assistant Commonwealth's Attorney. See Rule of Professional Conduct 3.5(e); see also, Canons of Judicial Conduct, 3(B)(7) ("A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding.").