Present:  All the Justices

CHAD CRAWFORD ROBERSON

                                              OPINION BY
v.  Record No. 091299          JUSTICE LAWRENCE L. KOONTZ, JR.
                                            February 25, 2010
COMMONWEALTH OF VIRGINIA[1]


                FROM THE COURT OF APPEALS OF VIRGINIA


        In this appeal, the dispositive issue we consider is

whether the Court of Appeals correctly determined that an

appeal of a conviction for driving under the influence ("DUI")

pursuant to a local ordinance was procedurally barred because

the notice of appeal failed to name the locality, an

indispensable party, as the appellee.  The appellant contends,

as he did in the Court of Appeals, that the DUI conviction was

obtained under a state statute and, thus, the notice of appeal

properly named the Commonwealth as the appellee.

                            BACKGROUND

      Because the Court of Appeals dismissed the appeal without

addressing the merits of the appellant's challenge to the DUI

conviction, we are concerned here only with the procedural

---

        [1] This appeal was decided in the Court of Appeals sub nom.
Roberson v. City of Virginia Beach.  Because the principal
issue in the appeal is the identity of the proper appellee,
and consistent with our usual practice, we docketed the appeal
using the style given by Roberson in his notice of appeal in
the Court of Appeals identifying the Commonwealth as the
appellee.

status of the appeal. Accordingly, we will confine our consideration to the procedural history of the case, addressing only those aspects of the merits necessary to place the proceedings in proper context. On May 19, 2007, a City of Virginia Beach police officer arrested Chad Crawford Roberson for DUI. On the preprinted summons form completed by the officer at the scene, the officer checked a box indicating that Roberson was being charged under "City law section 21-1/18.2-266." A warrant of arrest subsequently issued by the Virginia Beach Magistrate on a preprinted form described the offense as a "Misdemeanor (Local)" and identified the offense as a "violation of Section 21-1/18.2-266, Code or Ordinances of this city." Other preprinted language on the warrant stated that "any authorized officer" was "commanded in the name of the Commonwealth of Virginia" to affect the arrest. The commitment order concurrently entered with the warrant stated that Roberson was being charged under a "local ordinance" and identified the offense as "Code Section 21-1/18.2-266."

Section 21-1 of the Virginia Beach City Code (hereinafter, "VBCC § 21-1"), in relevant part, provides that "[p]ursuant to the authority of § 46.2-1313 of the Code of Virginia, 1950, as amended, all of the provisions and requirements of the laws of the State contained in Title 46.2

2

and Article 2 (§ 18.2-266 et seq.) of Chapter 7 of Title 18.2 of the Code of Virginia, as amended, and pursuant to § 1-220 of the Code of Virginia as amended in the future . . . are hereby adopted and incorporated in this Chapter by reference and made applicable within the City." Code § 18.2-266, in relevant part, makes it "unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol."

On September 11, 2007, Roberson was tried on the warrant of arrest in the City of Virginia Beach General District Court, entered a plea of not guilty, and was found "guilty as charged" by the court. Roberson noted an appeal from the judgment of the general district court.

On appeal in the Circuit Court of the City of Virginia Beach, Roberson was tried without a jury and was again convicted of DUI. The order of conviction, entered on November 5, 2007, was styled "City of Virginia Beach v. Chad Crawford Roberson." However, the order makes no reference to VBCC § 21-1, identifying the offense of conviction as a violation of Code § 18.2-266.

On November 21, 2007, Roberson filed a notice of appeal from the judgment of the circuit court styled as "Commonwealth of Virginia, Plaintiff v. Chad Crawford Roberson, Defendant" and denoted the appellee in the Rule 5A:6(d) certificate as

3

"the Commonwealth of Virginia." The notice of appeal contained the circuit court docket number of Roberson's case, recited that he was convicted of DUI, and recited the jail portion of the sentence imposed. However, the notice of appeal did not identify the date of the trial or the date of the final order; nor did it reference either VBCC § 21-1 or Code § 18.2-266 as the offense of conviction.

On December 20, 2007, Roberson's counsel presented a statement of facts to the circuit court and again the style of the case denoted the Commonwealth as the prosecuting authority. Throughout the statement of facts the prosecuting authority was similarly designated as "the Commonwealth." Jason S. Miyares, an Assistant Commonwealth's Attorney for the City of Virginia Beach, signed the statement of facts as "Seen and Agreed." The circuit court entered the statement of facts without modification.

The Court of Appeals received the record of Roberson's case from the circuit court on December 30, 2007. The style of the case on the cover sheet of the record containing the circuit court clerk's certification styled the case as "Commonwealth of Virginia [v.] Chad Crawford Roberson, Defendant," and identified Miyares as the "attorney for the Commonwealth." In accord with the style of the notice of appeal and the certified record received from the circuit

4

court, the Clerk of the Court of Appeals docketed the appeal as "Chad Crawford Roberson v. Commonwealth of Virginia."

On March 7, 2008, Roberson filed his petition for appeal in the Court of Appeals. The petition was styled with the Commonwealth as the appellee; the Rule 5A:12(c) certificate at the conclusion of the petition, while not identifying the appellee, stated that a copy of the petition had been mailed "to counsel for the Appellee, Jason Miyares, Assistant Commonwealth Attorney for the City of Virginia Beach." Throughout the petition for appeal, Roberson identified the offense of conviction as a violation of Code § 18.2-266, with no reference to VBCC § 21-1 being made.

On March 28, 2008, Miyares, the Virginia Beach Assistant Commonwealth's Attorney, filed a brief in opposition to Roberson's petition for appeal. Like the petition for appeal, the brief in opposition referenced the offense of conviction as a violation of Code § 18.2-266, with no reference to the charge having been brought under VBCC § 21-1. Likewise, in the style of the case and in the certificate, the Commonwealth was identified as the appellee.

On July 17, 2008, the Court of Appeals entered an order awarding Roberson an appeal. Although the record contains no explanation, the order granting the appeal restyled the case as "Chad Crawford Roberson, Appellant v. Commonwealth of

5

Virginia/City of Virginia Beach, Appellee." The order further stated that it was served on "all counsel of record."

On August 26, 2008, Roberson filed his opening brief in the Court of Appeals. As before with his petition, and contrary to the revised style of the case in the Court of Appeals' July 17, 2008 order, Roberson identified the Commonwealth as the sole appellee. Likewise, within the brief he maintained that he had been convicted of DUI under Code § 18.2-266, making no reference to VBCC § 21-1.

On September 26, 2008, the Attorney General filed a brief on behalf of the Commonwealth. This brief was styled in accord with the July 17, 2008 order giving both the Commonwealth and the City as joint appellees. Significantly, within the brief, the Commonwealth noted for the first time the apparent discrepancy in the record with regard to whether Roberson had been convicted under the state statute or the local ordinance. The Commonwealth averred that it believed there was a "clerical error" in the circuit court's final order, which recited the offense of conviction as Code § 18.2-266, but styled the conviction as having been procured by the City. Accordingly, the Commonwealth indicated on brief its intent to request leave of the Court of Appeals to seek a correction of the final order in the circuit court to reflect

6

that the Commonwealth was the prosecuting authority.  A motion to that effect was filed along with the Commonwealth's brief.

In an order dated December 9, 2008, the Court of Appeals granted the Commonwealth's motion.  The order stated that "leave is hereby granted the trial court to consider a motion to correct, nunc pro tunc, the [November 5, 2007 final] order."  The order further noted that there is "an alleged clerical error in the order."

In response to the Court of Appeals' December 9, 2008 order, the circuit court entered an order dated December 15, 2008 stating that "an order of correction is not needed."  The circuit court expressly found that Roberson had been charged and convicted of DUI under VBCC § 21-1.  While acknowledging that the local ordinance adopts Code § 18.2-266 by reference, the circuit court concluded that the reference to the state code section on the warrant and in other court documents identified the nature of the offense only, not the statute under which the offense was to be prosecuted.  Accordingly, the circuit court declined to modify its November 5, 2007 order to reflect that the Commonwealth was the prosecuting authority.

Thereafter, the Attorney General advised the Court of Appeals by letter that, in light of the circuit court's December 15, 2008 order, the Commonwealth was of opinion that

7

Roberson "named the incorrect appellee in his notice of appeal." The Attorney General further noted that it did not have authority to represent the City in the appeal. See Code § 2.2-511(A).

On March 31, 2009, the Court of Appeals issued a published opinion in which it styled the case as "Chad Crawford Roberson v. City of Virginia Beach," explaining in a footnote that the style had been modified "to correctly reflect our holding as to the proper appellee." Roberson v. City of Virginia Beach, 53 Va. App. 666, 666 n.1, 674 S.E.2d 569, 569 n.1 (2009). The Court reviewed the procedural history of the case through the entry of the December 15, 2008 order in the circuit court, and specifically found that "[t]he Commonwealth's Attorney for the City of Virginia Beach did not appear on behalf of the City of Virginia Beach in connection with this appeal." Id. at 669, 674 S.E.2d at 570 (emphasis added). Holding that the December 15, 2008 order "clarified that the City of Virginia Beach was the proper plaintiff in the case at trial" and that "Roberson did not join the City of Virginia Beach in his appeal," the Court, citing Woody v. Commonwealth, 53 Va. App. 188, 198, 670 S.E.2d 39, 44 (2008), concluded that it "lack[ed] jurisdiction to consider [the appeal]." Roberson, 53 Va. App. at 671, 674 S.E.2d at 571. Accordingly, the Court dismissed Roberson's appeal.

After noting an appeal of these judgments in the Court of Appeals, Roberson filed a motion in this Court again seeking leave to have the circuit court correct the record to reflect that the Commonwealth was the prosecuting authority on the DUI conviction. Persisting in his view that the City was not a party to the appeal, Roberson styled his notice of appeal and this motion as "Chad Crawford Roberson v. Commonwealth of Virginia" and served the motion and all subsequent pleadings filed in this Court prior to the opening brief of the granted appeal only on the Attorney General. In his petition for appeal, Roberson contended that the Court of Appeals erred in determining that it lacked jurisdiction over the appeal because the Commonwealth was the "correct party in interest."

The Attorney General responded to Roberson's motion on behalf of the Commonwealth, contending that the December 15, 2008 order resolved the issue of the identity of the prosecuting authority in the circuit court. By separate letter, the Attorney General advised the Court that it did not intend to respond to the petition for appeal because "the Attorney General does not represent the City." Both this letter and the response to the motion were styled in accord with the opinion of the Court of Appeals giving the City as the appellee. In an order dated August 19, 2009, we denied

9

Roberson's motion for leave to seek correction of the record in the circuit court.

Subsequently, in an order dated September 11, 2009, we awarded Roberson this appeal. In that order, we directed the City to appear and address the issue of whether the City was the proper appellee and, if so, whether it had made an appearance before the Court of Appeals. Likewise, we directed the Commonwealth to appear and address the issue of whether it was the proper appellee.

DISCUSSION

The similarity of the procedural posture of Roberson's appeal before the Court of Appeals with that of the appeals in Ghameshlouy v. Commonwealth, 54 Va. App. 47, 675 S.E.2d 854 (2009), rev'd and remanded, 279 Va. ___, ___ S.E.2d ___ (2010)(this day decided), and Woody, the decision upon which the Court of Appeals based its dismissals of the present appeal and the appeal in Ghameshlouy, are readily apparent. However, there are dissimilarities among these three cases that distinguish them and that warrant a brief review in order to explain the decisions rendered by this Court in resolving the challenges raised by the appellants in each case. As will become apparent, the differences in their records, and the different manner in which the appellants sought to challenge the dismissal of their appeals by the Court of Appeals,

10

control our analysis of the jurisdictional issue in each appeal.

We begin with Woody.  The defendant in that case was convicted in Amherst County of DUI under Amherst County Code § 9.1, a local ordinance that for all practical purposes is identical to VBCC § 21-1.  Woody, 53 Va. App. at 191-92 & n.1, 670 S.E.2d at 41 & n.1.  As in the present case, the record in the trial court was inconsistent as to whether Woody was convicted of DUI pursuant to the state statute or local ordinance.  Id. at 193, 670 S.E.2d at 42.  After Woody filed a notice of appeal which styled the appeal as being against the Commonwealth and identified the Commonwealth as the only appellee, the Court of Appeals directed the trial court to clarify its final order.  In accord with that direction, the trial court confirmed that Woody had been charged and convicted under the local ordinance.  Id.

In Woody, the argument advanced before the Court of Appeals by the appellant was that service of the notice of appeal on the Commonwealth's Attorney, who, as in the present case, had prosecuted the local ordinance offense in the circuit court, "effectively joined the County as a party." Id. at 197-98, 670 S.E.2d at 44.  The Court of Appeals rejected this contention.  The Court also noted that "[t]he County has not appeared as a party on any pleading filed in

11

this Court. It has not filed a brief in opposition to Woody's petition for appeal nor a brief in opposition to Woody's opening brief. In fact, there is no evidence in the record that the County is even aware that this appeal is pending. Thus, the argument that the opposing party is fully aware of the issues is completely unsupported by the facts." Id. at 199 n.7, 670 S.E.2d at 45 n.7. Accordingly, the Court found that it did not have jurisdiction to consider the appeal of the DUI conviction under the local ordinance and dismissed the appeal. Id. at 199-200, 670 S.E.2d at 45.

Upon appeal to this Court, Woody did not reassert the argument that the locality had actual notice and, thus, was a de facto party to the appeal. Rather, similar to the principal argument advanced by Roberson in this case, Woody maintained that the circuit court record supported his contention that the Commonwealth, not the locality, had been the prosecuting authority on the DUI offense. This argument had not been advanced in the Court of Appeals and, thus, could not be considered for the first time on appeal to this Court. Rule 5:25. Accordingly, we refused Woody's petition for appeal. Woody v. Commonwealth, Record No. 090229 (May 22, 2009)(order).

In Ghameshlouy, the defendant was convicted of various state charges as well as the violation of a local ordinance

for giving false identification to police. 279 Va. at \_\_\_, \_\_\_ S.E.2d at \_\_\_. In a notice of appeal seeking to challenge only the conviction under the local ordinance, Ghameshlouy styled the appeal as being against the Commonwealth and identified the Commonwealth as the only appellee. However, within the notice of appeal there were references, including an express statement that the conviction had been obtained under a local ordinance, clearly indicating that the appeal pertained to the local ordinance conviction. Id. at \_\_\_, \_\_\_ S.E.2d at \_\_\_.

The local Commonwealth's Attorney filed a response to Ghameshlouy's petition for appeal in the Court of Appeals addressing the merits of his challenge to the local ordinance conviction, as well as the merits of one of the state convictions that Ghameshlouy had concurrently appealed in the petition.[2] Id. at \_\_\_, \_\_\_ S.E.2d at \_\_\_. The Court of Appeals awarded Ghameshlouy an appeal to review the local ordinance conviction only. After the appeal had been briefed, the Commonwealth filed a motion to dismiss, asserting that the

---

[2] The state convictions and local ordinance conviction had been assigned separate docket numbers in the circuit court. Accordingly, although tried together, the various convictions had separate records. Ghameshlouy filed a separate notice of appeal in the record of the state conviction which he challenged, but filed a single petition for appeal as permitted by Rule 5A:12(d).

Court lacked jurisdiction over the appeal because Ghameshlouy had failed to identify the locality as the proper appellee on the local ordinance conviction in the notice of appeal. Ghameshlouy acknowledged that there was a defect in the notice of appeal. He contended, however, that any objection to that defect had been waived by the participation of the Commonwealth's Attorney as counsel for the locality by addressing the merits of the challenge to the local ordinance conviction in opposing the petition for appeal and then joining in the Commonwealth's brief on the merits of the granted appeal which had been limited to a review of the local ordinance conviction. Id. at ___, ___ S.E.2d at ___. A divided panel of the Court of Appeals held that the defect in Ghameshlouy's notice of appeal of failing to name the locality as the necessary party to the appeal deprived the Court of jurisdiction over the case and that under the procedural facts of the case waiver was not available to cure the defect. Id. at ___, ___ S.E.2d at ___.

We granted Ghameshlouy an appeal from this judgment, and, for reasons more fully stated in our opinion in that case, reversed and remanded the case to the Court of Appeals. Id. at ___, ___ S.E.2d at ___. To the extent that the rationale for our decision in Ghameshlouy impacts the analysis of the

14

issues in this case, we will include those aspects of the decision in that case within our discussion below.

In the present case, Roberson asserts that the City of Virginia Beach was not an indispensable party because the Commonwealth was the "real party in interest in the appeal." Roberson maintains that this is so because he was prosecuted by the Commonwealth under Code § 18.2-266 rather than by the City of Virginia Beach under VBCC § 21-1. In support of this contention, Roberson notes that the warrant of arrest stated that it was issued "in the name of the Commonwealth of Virginia." Additionally, he asserts that the circuit court's November 5, 2007 order of conviction, though naming the City as the prosecuting authority in its caption, makes no reference to the local ordinance, but identifies the offense of conviction only as "18.2-266." Roberson discounts any import or effect of the order entered by the circuit court on December 15, 2008 in response to the directive of the Court of Appeals, contending that this order supports his view that in drafting that order, the circuit court "substitute[d]" the City for the Commonwealth solely for the purpose of assuring that "the city could receive [the] revenue" of the fine imposed on Roberson. We do not agree with Roberson's interpretation of the record in this case.

The controlling documents for determining what entity served as the prosecuting authority in a criminal trial are the instrument, that is the summons, warrant, or indictment, under which the charge is brought and the orders of conviction and sentencing that conclude the trial.  In this case, each of those documents clearly indicates that the City was the prosecuting authority and that Roberson was charged with a violation of VBCC § 21-1.

While it is true that the order of conviction did not refer to the local ordinance, it is clear from the context in which the case was prosecuted that the reference to Code § 18.2-266 in that order identifies that statute as being incorporated into the Virginia Beach City Code by VBCC § 21-1, rather than indicating that the case was tried under Code § 18.2-266.  Any doubt in that regard was resolved conclusively in favor of the conviction having been obtained under the local ordinance by the circuit court's clarification in its December 15, 2008 order.  The court's reference in that order to the City receiving the revenue from the fine does not, as Roberson implies, show an improper motive of the court in "substituting" the City for the Commonwealth when drawing the final order.  Rather, the statement clearly indicates that the court was merely aware of the effect of the magistrate

having caused the charge to be brought under the local ordinance.

The record in this case establishes that Roberson was charged and convicted for DUI pursuant to VBCC § 21-1. Accordingly, we hold that the Court of Appeals did not err in finding that the City, not the Commonwealth, was the prosecuting authority on the DUI charge in the circuit court and, thus, was the necessary party to be identified in Roberson's notice of appeal as the appellee.

Finally, as indicated in the order granting this appeal, we will consider whether the City actually was a party before the Court of Appeals.[3] Both the City and the Commonwealth have taken the position, consistent with the view expressed by the Court of Appeals in this case, in Woody, and by a majority of the panel in Ghameshlouy, that the failure of a party to identify the proper appellee in the notice of appeal alone

_____

[3] Despite our direction that this issue would be addressed in the appeal, Roberson did not file a reply brief responding to the arguments of the City and the Commonwealth. Moreover, when during the oral argument of this appeal the Court attempted to elicit the views of Roberson's counsel on the question of the Court of Appeals' jurisdiction over the appeal and, if so, whether the City might have waived its objection to not being named as the appellee in the notice of appeal, Roberson's counsel stated that he did not "think it was a waiver question." Rather, Roberson continued to maintain that the issue was one of "fairness" as to whether he should have been required to determine that the City was the prosecuting authority by "ferreting out some piece of paper that says City on it."

17

deprives an appellate court of jurisdiction over the case.

Thus, they contend that the City was not a party to the appeal

because, in effect, there was no mechanism for the Court of

Appeals to acquire jurisdiction over any aspect of the local

DUI conviction case in the absence of a properly filed notice

of appeal naming the City as the proper appellee.

In Ghameshlouy, we have today explained that proper

jurisdictional analysis initially involves a determination

whether a timely notice of appeal, a mandatory prerequisite to

an appellate court acquiring jurisdiction, adequately

identifies the case to be appealed.  Ghameshlouy, 279 Va. at

___, ___ S.E.2d at ___.  Any defect in the notice of appeal

that does not touch on its timeliness or the identity of the

case to be appealed is procedural only.  Thus, the failure to

identify a necessary appellee in the notice of appeal is

subject to being waived by subsequent actions of the unnamed

appellee participating on the merits of the appeal if the

appellant properly asserts the waiver when an objection is

subsequently raised.  Id. at ___, ___ S.E.2d at ___.

The sole element of the notice of appeal filed by

Roberson that would have indicated that the case being

appealed was for the conviction under the local ordinance was

the circuit court's docket number in the caption of the

notice.  A docket number serves only to direct the circuit

court's clerk to file a pleading in the specified record. On its face, the notice of appeal appears to be what Roberson has steadfastly, although incorrectly, maintained it was, i.e. a notice of appeal for a DUI conviction obtained by the Commonwealth pursuant to Code § 18.2-266. Given the absence of information sufficient to identify the offense being appealed as the conviction for DUI under the local ordinance on November 5, 2007, the notice of appeal failed to satisfy the minimum requirements to confer jurisdiction over the case to the Court of Appeals. Accordingly, while we do not agree with the Court of Appeals' rationale for reaching this same result, we agree that the Court did not have jurisdiction over the appeal of Roberson's conviction for DUI under VBCC § 21-1.

CONCLUSION

For these reasons, we hold that the Court of Appeals did not err in dismissing Roberson's appeal of his conviction for DUI under VBCC § 21-1. Accordingly, the judgment of the Court of Appeals will be affirmed.[4]

Affirmed.

---

[4] In light of our resolution of the appeal on these grounds, we do not reach the issues raised by Roberson's other assignment of error.