PRESENT: Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and McCullough, JJ., and
Millette, S.J.

SAMANTHA ANN NICHOLSON

                                                         OPINION BY

v. Record No. 200356                 JUSTICE STEPHEN R. McCULLOUGH

                                                   June 17, 2021

COMMONWEALTH OF VIRGINIA, ET AL.

FROM THE COURT OF APPEALS OF VIRGINIA

Samantha Ann Nicholson was convicted of driving on a suspended license, fifth offense. The Court of Appeals of Virginia dismissed Nicholson's appeal on the basis that her notice of appeal was fatally defective. Nicholson appeals from that decision, contending that her notice of appeal was adequate. For the reasons noted below, we agree with Nicholson and, therefore, we reverse the judgment of the Court of Appeals.

BACKGROUND

On July 15, 2016, Samantha Ann Nicholson ("Nicholson") received a summons for driving on a suspended license, fifth offense.[1] On the summons form, the officer noted in the "Law Section" that the charge was for a violation of "9-100/46.2-301" and described the offense as "[d]riv[ing] suspended/revoked [fifth] offense." Albemarle County Code § 9-100 prohibits driving with a suspended or revoked license, and incorporates Code § 46.2-301, which prohibits the same conduct. Nicholson was also issued a summons for speeding.

The Albemarle County General District Court convicted Nicholson of both charges. She appealed to the circuit court. Various orders by the circuit court styled the case as

---

[1] Nicholson's license was previously suspended pursuant to Code § 46.2-395 for failure to pay court fines and fees. The General Assembly repealed Code § 46.2-395 effective July 1, 2020. *See* 2020 Acts ch. 964.

"Commonwealth of Virginia v. Samantha Ann Nicholson" and cited the relevant "Virginia Code Section" as "46.2-301." In the circuit court, Nicholson raised a number of challenges to her conviction, but the circuit court rejected her arguments and she was convicted anew. The sentencing order, entered on February 7, 2018, styled the case as "Albemarle v. Samantha Ann Nicholson," and the "Local Ordinance" box was marked to describe the charge. However, the order listed the applicable Code Section as "B.46.2-301."

On March 2, 2018, Nicholson filed a notice of appeal with the Albemarle County Circuit Court, naming the Commonwealth of Virginia as the appellee. The notice of appeal provided Nicholson's name and the correct circuit court docket number and stated that Nicholson "hereby appeals to the Court of Appeals of Virginia from the final order of this Court entered on February 7, 2018."

In the certification accompanying her notice of appeal, Nicholson named a Deputy Commonwealth's Attorney for Albemarle County as counsel for the Commonwealth. Nicholson then filed a petition for appeal in the Court of Appeals. A Deputy Commonwealth's Attorney submitted a brief in opposition on behalf of the Commonwealth. No brief in opposition was filed on behalf of Albemarle County.

The Court of Appeals granted the petition, and after oral argument on the merits, it sua sponte raised the inconsistency between Nicholson's notice of appeal, which identified the Commonwealth as the prosecuting authority, and the circuit court's sentencing order, which named Albemarle County as the prosecuting authority. The Court of Appeals determined that the record was unclear as to the proper appellee and remanded the case to the circuit court with directions to: "promptly determine whether the Commonwealth of Virginia or Albemarle

2

County [was] the proper party" and "enter any *nunc pro tunc* orders correcting any clerical error(s) in the final order, or otherwise."

On remand, the circuit court entered an order *nunc pro tunc* that changed two of the order's references to the offense from "B.46.2-301" to "9-100/B.46.2-301" but retained Albemarle County as the prosecuting authority. Nicholson then filed an unopposed motion to remand to clarify the proper prosecuting authority below, which the Court of Appeals granted. The circuit court heard arguments and concluded that the proper prosecuting party had been Albemarle County, not the Commonwealth. As a result, the Court of Appeals directed the parties to file supplemental briefs addressing whether the Court of Appeals had jurisdiction over the appeal. The Commonwealth and Nicholson filed supplemental briefing, and alternatively, Nicholson filed a motion for leave to amend her notice of appeal to name Albemarle County as an appellee. Albemarle County also entered an appearance in the Court of Appeals for the first time, acknowledging it had received timely notice of Nicholson's appeal, withdrawing its opposition to Nicholson's motions, and consenting to the relief she requested.

The Court of Appeals concluded that the appeal had to be dismissed because Nicholson's notice of appeal was "fatally defective." It noted that the "pivotal question" in determining the adequacy of Nicholson's notice of appeal was whether "on its face [it] sufficiently identifie[d] the offense being appealed." The Court of Appeals found that it did not. The Court of Appeals rejected Nicholson's argument that Albemarle County had waived any objection to the errors in the notice of appeal, explaining that the defect was not merely procedural, but jurisdictional and not subject to waiver. Nicholson filed a timely appeal to this Court.

ANALYSIS

A litigant who seeks to appeal a judgment to this Court or to the Court of Appeals must file a notice of appeal. As its name indicates, "the purpose of the notice of appeal is merely to place the opposing party on notice and to direct the clerk to prepare the record on appeal." *LaCava v. Commonwealth*, 283 Va. 465, 469 n.* (2012). Rule 5A:6 governs the filing of a notice of appeal for appeals to the Court of Appeals, and Rule 5:9 governs notices of appeal for appeals that will be filed with this Court.

Given the simple function of the notice of appeal, which is to provide notice, we have "never required that a notice of appeal be precise, accurate, and correct in every detail before [an] appellate court can acquire jurisdiction over the case in which the notice is filed." *Ghameshlouy v. Commonwealth*, 279 Va. 379, 391 (2010). In order to confer active jurisdiction on an appellate court, a notice of appeal must be timely, and it must "adequately identif[y] the case to be appealed." *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010). "Any defect in the notice of appeal that does not touch on its timeliness or the identity of the case to be appealed is procedural only." *Id.*

Here, the notice of appeal was timely. Therefore, the only question is whether it "adequately identifie[d] the case [being] appealed." *Roberson*, 279 Va. at 407. This Court addressed the requirement that a notice of appeal "adequately identif[y] the case [being] appealed" in *Ghameshlouy* and *Roberson*. In *Ghameshlouy*, the defendant was convicted under a local ordinance for failing to provide identification to law enforcement. 279 Va. at 385. He filed a notice of appeal that incorrectly stated the date of the final order, erroneously naming the Commonwealth as the appellee, and describing the relevant offense as a "violation of [the] . . . municipal code." *Id.* The Court of Appeals dismissed the appeal, explaining that "[t]he failure

4

to join an indispensable party is a jurisdictional defect that requires dismissal of the appeal." *Ghameshlouy v. Commonwealth*, 54 Va. App. 47, 51 (2009) (quoting *Woody v. Commonwealth*, 53 Va. App. 188, 199 (2008)).

On appeal, this Court reversed. *Ghameshlouy*, 279 Va. at 395. We acknowledged that Ghameshlouy's notice of appeal was "not a model of clarity," but nonetheless found it was sufficient to identify the case being appealed and confer jurisdiction on the Court of Appeals. *Id.* at 394. The notice of appeal described the local ordinance offense as the offense appealed from, and at the time, the lower court had not entered any other orders from which Ghameshlouy could have been appealing. *Id.* This Court determined the notice of appeal adequately identified the case such that the Court of Appeals obtained jurisdiction. We further held that any defect caused by naming the incorrect appellee was subject to waiver. *Id.*

With respect to Ghameshlouy's failure to identify the proper party in the notice of appeal, we stated that "the defect in the notice of appeal in not naming the proper appellee, which otherwise would have justified dismissal of the appeal, was potentially subject to waiver." *Id.* That waiver occurred when the proper party, the City of Virginia Beach, did not object to the naming of the Commonwealth as the party respondent in the notice of appeal, and when the City filed a joint brief with the Commonwealth. *Id*. at 387, 394.

*Roberson* also addressed the adequacy of a notice of appeal. In that case, a defendant was convicted under a local ordinance of driving under the influence. *Roberson*, 279 Va. at 398-99. Roberson filed a notice of appeal which incorrectly named the Commonwealth as the appellee and described the conviction appealed as "DUI." *Id.* at 399. The notice of appeal did not include the date of the final order nor did it reference whether the offense implicated a local ordinance or state law. *Id.* at 400. The Court of Appeals dismissed the appeal, finding it lacked

5

jurisdiction to consider it. *Roberson v. City of Virginia Beach*, 53 Va. App. 666, 671 (2009). We affirmed the judgment of the Court of Appeals, concluding that due to "the absence of information sufficient to identify the offense being appealed . . . the notice of appeal failed to satisfy the minimum requirements to confer jurisdiction over the case to the Court of Appeals." 279 Va. at 408.

One aspect of *Roberson* merits reconsideration. In that case, we ascribed a diminished importance to the docket number listed on the notice of appeal, explaining that a docket number "serves only to direct the circuit court's clerk to file a pleading in the specified record." *Id.* at 407. A docket number, however, does more than direct the clerk to file a pleading. A docket number is a specific identifier for a particular case. *See* Black's Law Dictionary 606 (11th ed. 2019) (defining "docket number" as "[a] number that the court clerk assigns to a case on the court's docket"). A docket number is relevant in identifying the case that is being appealed.[2]

With these principles in mind, we conclude that Nicholson's notice of appeal was sufficient to identify the case being appealed. It listed her name, the date of the final order, the court in which the conviction originated, and the correct docket number. Although the notice of appeal incorrectly named the Commonwealth of Virginia rather than Albemarle County, that defect was not fatal and was subject to waiver. Albemarle County entered a general appearance, thus waiving any defect associated with a failure to notify the County. *Ghameshlouy*, 279 Va. at 394.

---

[2] Of course, counsel should take care that the *correct* docket number is listed. *See Evans v. Commonwealth*, 61 Va. App. 339, 341 (2012) (notice of appeal failed to identify the case being appealed, because, among other defects, it listed the docket number for a conviction other than the one the defendant intended to appeal).

6

Finally, Nicholson urges this Court to address the merits of her appeal. While Nicholson's desire to have the merits of her tortuous case finally resolved is certainly understandable, the Court of Appeals is the court of first review for criminal convictions. It did not reach the merits of Nicholson's claims. Consistent with our established practice, we remand the case to the Court of Appeals for consideration of the merits. *See Roberson*, 279 Va. at 408 n.4; *Ghameshlouy*, 279 Va. at 395; *King v. Commonwealth*, 264 Va. 576, 582 (2002).

## CONCLUSION

For the reasons noted above, we will reverse the decision of the Court of Appeals and remand the decision to that Court to conduct further proceedings consistent with this opinion.

*Reversed and remanded.*

7