COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Fulton and Lorish


GREGORY SHAWN MERCER

                                                      MEMORANDUM OPINION*
v.       Record No. 1193-21-4                               PER CURIAM
                                                          MARCH 28, 2023
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Penney S. Azcarate, Judge

             (Gregory Shawn Mercer, on brief), *pro se*.

             No brief for appellee.


        Gregory Shawn Mercer was convicted for failing "to pay full time and attention, County

Code § 82-4-24" after a bench trial.  The circuit court sentenced Mercer to a suspended fine of $20.

Mercer assigns errors based on many alleged violations of the United States and Virginia

Constitutions.  Because Mercer does not identify any way that he preserved any of these issues for

appellate review and because he otherwise ignores the rules of this Court, we decline to consider the

assignments of error.  After examining the brief and record, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).  Accordingly, we affirm the judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1 413.

PROCEDURAL HISTORY AND BACKGROUND

Police charged Mercer with passing while on the shoulder or off a highway in violation of "82-1-6/46.2-841" on February 6, 2020.[1] His trial date was continued several times in 2020 and 2021 during the time period when the Supreme Court of Virginia declared a judicial emergency in response to COVID-19. Mercer requested one continuance from June 29, 2021, to July 13, 2021. On the July date, a required law enforcement officer did not appear. Over Mercer's apparent objection, the trial was continued to September 2021 when the Fairfax County General District Court found Mercer guilty as charged and imposed a fine of $100. Mercer noted an appeal to the Fairfax County Circuit Court.

At his bench trial before the circuit court in November 2021, where no prosecutor appeared, Mercer argued that his constitutional speedy trial rights were violated by delays in the district court. The circuit court found that the delays in the general district court were due to a combination of the judicial emergency, a continuance that Mercer requested, and the 70 days following the date the law enforcement officer did not come to trial. Once the matter was before the circuit court, the only continuance was at the defendant's request. Thus, the court found no speedy trial violation had occurred.

The court noted Mercer's "excellent record" and that his employment required him to drive. Therefore, the court convicted him for failure to "pay full time and attention" in violation of Fairfax County Code § 82-4-24, an infraction which would not impact the points on his

---

[1] Fairfax County Code § 82-1-6 incorporates by reference certain portions of the Code of Virginia, including Code § 46.2-841, which prohibits passing another vehicle on the right using the shoulder of the road.

driving record, and sentenced him to a suspended fine of $20.[2] The final order named the Commonwealth of Virginia as the moving party against Mercer.

Mercer timely noted an appeal to this Court, naming as appellees both the Commonwealth of Virginia and Fairfax County. Mercer originally served the Fairfax County Commonwealth's Attorney with the notice of appeal. After the Attorney General noted an appearance, Mercer served both the Commonwealth's Attorney and Attorney General with later pleadings, including his opening brief. Within the body of that brief, Mercer moved this Court to eliminate the requirement of an appeal bond; he also moved for leave to amend his previously filed assignments of error and to add a fifth assignment of error.

Three days before the deadline for filing the appellee's brief (following a granted extension of time), the Attorney General moved to suspend the briefing schedule until this Court ruled on Mercer's pending motion to amend. Then, the Attorney General moved this Court to remand the case to the circuit court "to resolve ambiguity between the charging document," its final order, and the notice of appeal about the proper appellee for the appeal, and requested suspension of the briefing schedule during the proposed remand.[3]

Because the assignments of error in Mercer's opening brief were stated as questions rather than in the affirmative, this Court's clerk's office advised Mercer by email in May 2022 that he should file an amended brief within ten days. Mercer objected to this notice, several months later, arguing he had not read the prior email.

---

[2] Under Fairfax County Code § 82-4-24, "[n]o person shall operate a motor vehicle upon the highways of this County without giving his full time and attention to the operation of the vehicle."

[3] The assistant attorney general assigned to the case stated that she failed to previously recognize the potential issue about the proper party on appeal.

This Court granted the Attorney General's motion and remanded the matter to the circuit court to determine whether the Commonwealth of Virginia or Fairfax County is the proper party in the case and to "enter any appropriate *nunc pro tunc* orders." The circuit court then entered an order acknowledging that the Commonwealth of Virginia is the proper party on appeal. Then, this Court entered an order stating the circuit court's ruling, styling this appeal with the Commonwealth of Virginia as appellee, lifting the stay of the proceedings, and granting the Commonwealth additional time to file its brief in response.

Rather than filing a brief in response, the Commonwealth moved to amend the style of the case to signify that the proper appellee was Fairfax County, to withdraw as counsel, and to again suspend the briefing schedule. The Commonwealth disputes the circuit court's finding upon remand that the Commonwealth is the proper party on appeal and asserts instead that Fairfax County is the correct appellee.

## DISPOSITION OF MOTIONS

We first consider and dispose of motions filed by the parties.

First, we deny the Commonwealth's motion to amend the style of the case to reflect Fairfax County as the proper party on appeal. The "controlling documents for determining what entity served as the prosecuting authority in a criminal trial are the instrument, that is the summons, warrant, or indictment, under which the charge is brought[,] and the orders of conviction and sentencing that conclude the trial." *Roberson v. Commonwealth*, 279 Va. 396, 406 (2010). The Commonwealth moved this Court to remand the case to the circuit court to make a factual determination about the proper party on appeal. The circuit court did so. The circuit court then examined its final order and determined that the Commonwealth was indeed the proper party to the case. Given the record now before us on appeal, we cannot say that the circuit court erred in its finding. Accordingly, we also deny the Attorney General's motion to withdraw as counsel. *See*

- 4 -

Code § 2.2-511(A) (providing that "[i]n all criminal cases before the Court of Appeals . . . in which the Commonwealth is a party . . . , the Attorney General shall appear and represent the Commonwealth," unless the prosecuting Commonwealth's Attorney files a notice of appearance and the Attorney General consents).

Second, we hold that Mercer's motion to eliminate the requirement of an appeal bond is moot.[4]  No appeal bond is ever required in a criminal case.  *See* Code § 8.01-676.1(A1).

Third, we grant Mercer's motion relating to his assignments of error.  Mercer moved for leave to amend his assignments of error to the five stated in his brief.  In essence, he asks to add references to amendments to the United States Constitution to two assignments of error and to add an assignment of error arguing for incorporation of the Ninth and Tenth Amendments to the United States Constitution through the Fourteenth Amendment Due Process Clause.  The material Mercer seeks to add to his assignments of error does not significantly alter our consideration or disposition of the issues on appeal.

Finally, we deny the Commonwealth's motion to keep staying the proceedings here.  This Court has already granted the Commonwealth two extensions to file its brief.  Rather than filing a brief, the Commonwealth moved to amend the style of the case and further stay the proceedings.  The Commonwealth has had ample time to file a brief but elected not to do so.  Because we affirm the circuit court, the Commonwealth is not prejudiced by our refusal to delay disposition of this case any further.

---

[4] We note that the two motions contained within Mercer's opening brief disregarded this Court's motions practice as set forth in Rule 5A:2(a)(1), requiring motions to "contain a statement by the movant that the other parties to the appeal have been informed of the intended filing of the motion."

ANALYSIS

*I. Speedy Trial*

Mercer frames his first assignment of error as follows: "Whether or not the FCCC Trial Court erred by denying Defendant's invoked U.S. Amendment V, VI, and/or XIV Rights?" Rule 5A:20(c) requires an appellant's assignments of error to "list, clearly and concisely and without extraneous argument, the specific errors in the rulings below" on which he intends to rely. With this assignment of error, Mercer cites the portions of the record where he argued, and the circuit court took up, his constitutional speedy trial argument. The rest of the assignment of error, referencing the Fifth and Fourteenth Amendments, fails to adequately identify any other "alleged misjudgment of the court below." *Stoltz v. Commonwealth*, 297 Va. 529, 534 (2019) (quoting *Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 122 (2017)).[5]

Mercer's traffic infraction occurred on February 6, 2020. He argues that the delay between that infraction and his general district court trial on September 21, 2021, violated his constitutional right to a speedy trial. Mercer zones in on the 70-day delay that resulted when the police officer failed to appear at his July 13, 2021 trial date, arguing that he was "prejudiced by the 70-day delay . . . and demands due Relief" because "[t]his case should have been dismissed on [July 13, 2021] . . . **_BEFORE_** Appellant was prejudiced." Mercer argues that during the "additional 70 days" between the July and September dates, he "fell behind on his mortgage" because he had to accept a different job due to the alleged pending traffic infraction and that he had to withdraw tax-free funds from his retirement account that he was ultimately able to repay

---

[5] Rule 5A:20(c) requires an appellant's assignments of error to "list, clearly and concisely and without extraneous argument, the specific errors in the rulings below" on which he intends to rely. "An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . is not sufficient." Rule 5A:20(c)(2).

into his account a month later. Mercer claims he was "prejudiced in that he would not be able to withdraw tax-free from his IRA until another year" as a result.

"Constitutional issues present questions of law reviewed *de novo* on appeal." *Ali v. Commonwealth*, 75 Va. App. 16, 33 (2022). "To the extent such review involves underlying factual findings, those findings may not be disturbed unless 'plainly wrong' or 'without evidence to support them.'" *Id.* (quoting *Wilkins v. Commonwealth*, 292 Va. 2, 7 (2016)).

"The determination of whether an accused has been denied the constitutional right to a speedy trial requires 'a difficult and sensitive balancing process' in which the court examines on an *ad hoc* basis the conduct of both the state and the accused which led to a delay in prosecution." *Kelley v. Commonwealth*, 17 Va. App. 540, 544 (1994) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The test for determining whether a speedy trial violation has occurred requires balancing four main factors—the "length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant." *Howard v. Commonwealth*, 281 Va. 455, 462 (2011) (citing *Barker*, 407 U.S. at 530). An appellant must establish that those factors, when considered together, "weigh in his favor." *Ali*, 75 Va. App. at 35 (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

We will assume without deciding that the delay between Mercer's infraction in February 2020 and his ultimate trial before the circuit court in November 2021 was long enough to be presumptively prejudicial such that we must consider the remaining factors.[6] Balancing all the factors, however, we find no violation. The record before us on the "reason for delay" is limited

---

[6] The "triggering mechanism" for constitutional speedy trial analysis is the length of the delay. *Barker*, 407 U.S. at 530. Absent "sufficient delay to be 'presumptively prejudicial,' there is no necessity for inquiry into the other factors.'" *Kelley*, 17 Va. App. at 544 (quoting *Barker*, 407 U.S. at 530). "When the charge is for a misdemeanor or lesser offense, the length of delay that will be tolerated is less than that when the charge is for a more serious crime." *Id.* at 545.

to the circuit court's finding that the delay before the general district court was largely due to the judicial emergency and a motion made by Mercer. *See Ali*, 75 Va. App. at 45 (pandemic-related delay is "valid, unavoidable, and outside the Commonwealth's control"). Only 70 days were due to the non-appearance of a necessary witness.

As for Mercer's assertion of his speedy trial right, the record before us shows he did not object to any of the many court-initiated continuances between the first trial date of April 21, 2020, up through the continuance Mercer requested himself. In other words, Mercer readily consented to a trial date 17 months from the infraction. He first raised his speedy trial concern only after the last 70-day continuance from July 13, 2021 to September 21, 2021 was granted due to the officer's nonappearance. We find that this is the sort of "delay in asserting the right [that] weighs against finding a violation." *Id.* at 46 (assigning less weight to an assertion of the right six and a half months after the appellant was in custody). Finally, Mercer only assigns prejudice to this same 70-day period of delay. And the prejudice—the inability to make a tax-free withdrawal from a retirement account for one year—has nothing to do with his trial.[7] For these reasons, we agree with the circuit court that Mercer's constitutional right to speedy trial was not violated.

## II. Ninth and Tenth Amendments

Mercer's second assignment of error states: "Whether or not the FCCC Trial Court failed to rule on Defendant's U.S. Amendment IX & XIV argument raised in language from *Duncan v.*

---

[7] Concerning prejudice, the constitutional speedy trial right aims to protect three separate interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last." *Barker*, 407 U.S. at 532. We note that Mercer was never arrested, or incarcerated, while awaiting trial for this infraction, nor does he present any theory for how his defense was impaired.

*McCall*, . . . and/or Defendant's U.S. Amendment X & XIV argument raised in language within the U.S. Supremacy Clause?"

Rule 5A:20(c) requires an appellant's assignments of error to "list, clearly and concisely and without extraneous argument, the specific errors in the rulings below" on which he intends to rely. "An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . is not sufficient." Rule 5A:20(c)(2). Furthermore, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Under Rule 5A:18, it is an appellant's burden "to obtain a ruling from the [trial] court" on the issue for which he seeks appellate review. *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993). This assignment of error fails to allege the specific ruling of the circuit court he challenges on appeal—to the contrary, as phrased, it admits the circuit court never made a ruling on the issues Mercer raises.

This assignment of error is not enough to alert this Court to the specific ruling Mercer challenges on appeal. Because "there is no ruling for us to review on appeal," we do not consider this assignment of error. *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998) (citing *Fisher*, 16 Va. App. at 454).

### III. Remaining Constitutional Arguments

Mercer's final three assignments of error allege that portions of the Constitution of Virginia violate the Constitution of the United States and advocate for the extension of the incorporation doctrine. As noted above, Rule 5A:20(c) requires assignments of error to identify the rulings of the circuit court that the appellant claims were erroneous. These three assignments of error do not challenge any ruling of the circuit court. Because we have no circuit court rulings

before us as to these three issues, we have nothing to consider on appeal. *See Ohree*, 26

Va. App. at 308 (citing *Fisher*, 16 Va. App. at 454).

CONCLUSION

For these reasons, we have no basis to disturb Mercer's conviction and the judgment is

affirmed.

*Affirmed.*